## No. 25454

**The People of the State of Colorado ex rel. Duke W. Dunbar, Attorney General, and Ralph E. Miller, District Attorney in and for the Seventh Judicial District of the State of Colorado v. The District Court of the Seventh Judicial District and the Honorable George V. Kempf, a Judge thereof**
(494 P.2d 841)

Decided March 13, 1972.                    Rehearing denied April 3, 1972.

430

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jerry W. Raisch, Assistant, Ralph E. Miller, District Attorney, for petitioners.

Petrie, Woodrow & Roushar, Victor T. Roushar, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding. A direct information was filed charging one McReynolds with unlawfully dispensing a narcotic drug. Pursuant to the provisions of Crim. P. 7, a preliminary hearing was held in District Court. The People's witness at the hearing was an agent of the Colorado Bureau of Investigation. He identified himself, gave his business address, and testified upon direct examination that McReynolds provided marijuana which was thereafter furnished to him in the form of a handrolled cigarette.

Cross-examination was conducted relating to the witness's direct testimony, and then as a final question, he was asked to state his residence address. The agent refused, and the district attorney objected to the question on the ground of relevancy. The trial court ruled that the agent's address must be given, but the witness again refused, explaining that the court knew that the trailer furnished him by the Bureau, in which he lived while on the road, was blown up (By fortuitous circumstances he was sleeping in a motel on the particular night and not living in the trailer.); that C.B.I. intelligence indicated that there was a "contract" out on him; that he was concerned about his family's safety; and that for these reasons, he refused to give his residence address. The trial court, however, indicated that, regardless of any safety considerations, the address had to be given. Defense counsel did not participate in this discussion.

The lower court then ordered his testimony stricken and asked the district attorney if he had any other evidence to present. The district attorney replied that he did not, and after a discussion involving the court, the witness, and the district attorney, the trial court found no probable cause to hold McReynolds and dismissed the information.

A petition was filed in this court requesting issuance of an order to show cause why the district court should not reinstate the information. We have done so, respondents have answered, and the matter is at issue.

The primary question presented for our determination is: *Did the lower court exceed its authority in summarily striking the agent's testimony and dismissing the information*

*for want of probable cause?* We answer this question in the affirmative.

■■ Generally, it is the rule that the right by cross-examination to require a witness to give his residence address is in aid of a defendant's right of confrontation. *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed. 2d 956 (1968); *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). This right, however, is not without exceptions. The Court in *Smith v. Illinois, supra,* quoted with approval language from *Alford v. United States, supra:*

" '* * * There is a duty to protect [the witness] from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him.* * *' "

Additionally, Mr. Justice White, in his concurrence in *Smith v. Illinois, supra,* noted:

"In *Alford v. United States,* 282 U.S. 687, 694 (1931), the Court recognized that questions which tend merely to harass, annoy, or humiliate a witness may go beyond the bounds of proper cross-examination. I would place in the same category those inquiries which tend to *endanger the personal safety of the witness.* But in these situations, if the question asked is one that is normally permissible, the State or the witness should at the very least come forward with some showing of why the witness must be excused from answering the question. The trial judge can then ascertain the interest of the defendant in the answer and exercise an informed discretion in making his ruling.* * *" (Emphasis added.)

■ These principles were applied in *United States v. Baker,* 419 F.2d 83 (2d Cir. 1969). Therein, the government's principal witness, Warren, refused to disclose the name and address of his current employer, and his refusal was upheld by the lower court. On appeal, the court stated:

"* * * [I]n response to inquiries by the judge in the absence of the jury, Warren testified that he had received threats to his life; on one occasion Warren had heard Masciola [a defendant] describe how he had killed a prospective prosecution witness in another case in a New Orleans hospital. After hearing this testimony, the district judge was 'satisfied that

this witness is honestly and reasonably apprehensive of danger to himself and to his family.' In contrast to this finding that Warren's safety would be endangered if his place of employment were to be revealed, the defendants' showing of need to know the name and address of Warren's employer was inconsequential. Since the defense had become fully acquainted with Warren's background from materials provided pursuant to 18 U.S.C. § 3500, they were able to cross-examine him extensively and effectively. Moreover, the only explanation defense counsel offered for requesting the witness to disclose his place of employment was that he wished 'to know whether he [Warren] is working and really making this money he says he is making.' In the light of these circumstances, we believe the trial judge *exercised his discretion properly*. United States v. Bennett, 409 F.2d 888, 901 (2d Cir. 1969)." (Emphasis added.)

*Accord, United States v. Caldarazzo,* 444 F.2d 1046 (7th Cir. 1971); *United States v. Daddano,* 432 F.2d 1119 (7th Cir. 1970), cert. denied 402 U.S. 905, 91 S.CT. 1366, 1367, 1391, 28 L.Ed. 2d 645 (1971); *United States v. Varelli,* 407 F.2d 735 (7th Cir. 1969). We note parenthetically that it is implicit within *Baker, Caldarazzo, Daddano,* and *Varelli, supra,* that the danger claimed by the witness must in some way relate to the particular defendant. There must be a nexus such that the witness legitimately fears reprisal from the defendant or his associates.

█ Expanding on the defendant's duty to show some materiality in questioning a witness as to his residence after the witness had made a showing that his safety would be endangered if he answered, we find persuasive reasoning in *State v. Storms,* 84 Idaho 372, 372 P.2d 748 (1962):

"* * * The question on its face had no bearing on the witness's credibility and since no explanation of the materiality of the witness's address was made the trial court was, under the circumstances, justified in concluding that the question was not inevitably and patently material.* * *"

*Accord, United States v. Rich,* 262 F.2d 415 (2d Cir. 1959). In *State v. Storms, supra,* the prosecution's witness indicated

that she had been threatened and preferred not to state her address.

■ Applying these principles to the instant case, the trial court was in error in ordering the witness to answer without some showing by the defendant that the disclosure was so material as to outweigh the matter of the safety of the witness. Only in such a balancing of the rights of the witness to protect his life as against defendant's right of confrontation could the court exercise its discretion. In acting summarily — as was done here — the trial court was arbitrary and abused its discretion. The information, therefore, is ordered reinstated and the cause remanded to the trial court to proceed with the preliminary hearing in accordance with the views expressed herein.

The rule is made absolute.