The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Reginald OVERTON,
Defendant–Appellant.

No. 86CA1467.

Colorado Court of Appeals,
Div. III.

Feb. 25, 1988.

Rehearing Denied March 24, 1988.

Certiorari Denied Aug. 1, 1988.

count of sale and distribution of cocaine. We affirm.

In August, 1985, defendant became acquainted with Sylas William Soules. In the course of their friendship, Soules repeatedly requested that defendant procure cocaine for him which defendant initially declined to do. During the fall of 1985 Soules became a paid confidential informant for the Lakewood police, working with Detective Halpin. From October 6 through October 22, 1985, Soules was in and out of a hospital, ostensibly to rehabilitate himself from a drug addiction. Upon final discharge from the hospital, Soules arranged for defendant to meet Halpin, who was posing as a wealthy friend of Soules, to obtain cocaine for Halpin.

On two occasions in October, defendant allegedly purchased cocaine for Halpin and Soules using money provided by Halpin, but at trial defendant was acquitted of the charges that arose from these incidents. The evidence reveals that the count on which defendant was convicted was based on occurrences of November 26, after Soules had left the area. On that day, Halpin called defendant directly and requested a meeting to which defendant acceded. They met the next day, with Halpin giving defendant money and defendant procuring cocaine, and passing it to Halpin, keeping much of the money for himself.

## I.

■ Defendant first contends that the trial court erred in denying his general pretrial request to inspect the hospital records of Soule's drug rehabilitation, claiming that the doctrine of *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), mandates at least an *in camera* determination of whether the records contain exculpatory information. We disagree.

Defendant's reliance on *Ritchie* is misplaced. Ritchie was charged with sexual offenses against his 13–year–old daughter who, pursuant to Pennsylvania statute, had been placed in the custody of a statutorily-created, protective service agency which investigated mistreatment and neglect of

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Ralph B. Rhodes, Denver, for defendant-appellant.

JONES, Judge.

Defendant, Reginald Overton, appeals the judgment of conviction entered on a jury verdict finding defendant guilty of one

youths. After his conviction, Ritchie appealed the trial court's denial of his request for access to that agency's records concerning him and his children. His conviction was reversed by two state appellate courts. On further appeal, the United States Supreme Court affirmed the state supreme court, holding, *inter alia*, that Ritchie's due process rights were violated because had review of the agency's records been allowed as permitted by a statutory exception, the result at trial could reasonably have been different based on the content of those records. The matter was remanded to the trial court for an *in camera* review of the records to determine whether they contained information that could have led to a different result.

 ▪ As in *People v. District Court,* 719 P.2d 722 (Colo.1986), the records in this case are subject to the physician/patient privilege, § 13–90–107(1)(d), C.R.S. (1987 Repl.Vol. 6A), which Soules did not waive. Unlike in *Ritchie,* no statutory or other exception to the physician/patient privilege exists in Colorado. The privilege in Colorado prohibits pretrial discovery and testimonial disclosures of information within the scope of the privilege. *Clark v. District Court,* 668 P.2d 3 (Colo.1983). And where, as here, there is neither an express nor an implied waiver, and there is no showing of particularized need, the privilege is absolute. The trial court is neither authorized nor required to balance defendant's need for information with Soules' interest in preserving the confidentiality of his records. *People v. District Court, supra; Clark v. District Court, supra.*

Additionally, Soules' drug dependency and excessive drug use was testified to by Soules and other witnesses. Any impeachment value was fully exploited at trial by defendant by calling of witnesses as to his defenses and to impeach Soules without the necessity of using the medical records. No other or better witnesses or information are likely to be set forth in the medical records. Thus, unlike in *Ritchie,* denial of access to was harmless.

## II.

Defendant's additional contentions are without merit. There was sufficient evidence to show that defendant was not entrapped. *Evans v. People,* 706 P.2d 795 (Colo.1985); *see Bailey v. People,* 630 P.2d 1062 (Colo.1981). Furthermore, because "(t)he evidence as to each count was different, as separate transactions were involved ...", *People v. Billington,* 191 Colo. 323, 552 P.2d 500 (1976), the jury was not inconsistent in its verdicts. Finally, in view of the evidence presented, the trial court properly refused to give the procuring agent instruction. *Bailey v. People, supra.*

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.