The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Larry W. **EXLINE**,
Defendant–Appellant.

No. 86CA1666.

Colorado Court of Appeals,
Div. II.

Dec. 1, 1988.

Rehearing Denied Feb. 9, 1989.

Certiorari Denied June 19, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laurie E. Menconi–Smith, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Larry W. Exline, appeals the judgment of conviction entered on jury verdicts finding him guilty of one count of sexual assault on a child. He asserts that the trial court committed reversible error in several of its evidentiary rulings. We affirm.

I.

■ Defendant first contends that the trial court erred when it denied defendant's motion for discovery of the victim's department of social services child abuse records. We disagree.

Section 19–10–115(2), C.R.S. (1986 Repl. Vol. 8B) creates a privilege providing in pertinent part:

"Only the following persons or agencies shall be given access to child abuse or neglect records and reports:

. . . .

"(f) A court, upon its findings that access to such records may be necessary for determination of an issue before such court, but such access shall be limited to in camera inspection unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it. . . . ."

Under this provision, the party seeking access to the child abuse reports has the initial burden of showing the applicability of an exception to the statute's rule of confidentiality. *People v. District Court*, 743 P.2d 432 (Colo.1987). The court is un-der no obligation to review the record before there has been a sufficient offer of proof and it has made an initial finding of possible necessity. *People v. Overton*, 759 P.2d 772 (Colo.App.1988).

Here, defendant claimed that "anything in those reports relating to credibility . . . would be crucial to the defense." We agree with the trial court that this is an insufficient offer of proof under the statute.

■ The defendant also argues that the trial court, in denying his request to review the child abuse records, violated his right to confrontation. However, the right of a defendant to confront his accusers is not equivalent to a constitutionally compelled rule of pretrial discovery. Rather, the right of confrontation is a *trial* right, guaranteeing an opportunity for effective cross-examination. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Therefore, because the defendant was afforded the opportunity to cross-examine the victim and other witnesses, and, because the reports were not relied upon by the prosecution, the court's ruling denying defendant access to the Department of Social Services child abuse records was not in violation of defendant's right to confront his accusers.

II.

The defendant next contends that the trial court erred in its rulings on two evidentiary issues. He argues that the trial court erred in admitting lay opinion testimony and expert opinion testimony regarding the truthfulness of the victim. We perceive no error.

The credibility of a witness may be supported by opinion after the character of the witness for truthfulness has been attacked by opinion or reputation or otherwise. CRE 608(a); *People v. Koon*, 724 P.2d 1367 (Colo.App.1986).

■ The defendant asserts that the victim's character for truth and veracity had not been attacked and, therefore, testimony in support of her character for truthfulness was in violation of CRE 608(a). However,

defendant's argument overlooks his own theory of defense wherein the credibility of the victim was the core issue to be resolved by the fact finder in determining whether the alleged sexual assault occurred. Because the victim had been previously sexually assaulted by her stepfather and a neighbor, the defendant claimed that she had confused the earlier assaults and incorrectly accused the defendant. Defendant argued that the victim was in a delicate emotional state and susceptible to suggestions that defendant had assaulted her. Defendant's accusations constitute an attack upon the victim's credibility.

In view of the defendant's theory of the case, as brought out in his opening statement and his cross-examination of the victim, which expressly question the child's veracity and mental capabilities, the admission of the lay opinion testimony was proper. Inasmuch as the trial court could reasonably conclude that the "net effect" of defense counsel's statements and questions asked of the witnesses amounted to an attack on credibility, the rebuttal evidence was admissible. *See Blakely v. Bates*, 394 N.W.2d 320 (Iowa 1986).

■ Defendant's challenge to the expert opinion testimony concerns statements made on direct examination of the social worker who had interviewed the victim. During that examination, the social worker was asked:

"Q: ... what one thing struck you about her interview with you at that point?

"A: That she [the victim] had had something happen to her.

"Q: And why would you say that?

"A: She, uh—

"Q: Based—

"A: It's a subjective kind of thing. It's from having interviewed a lot of children.

"THE COURT: Mr. Storey [the prosecutor], I'm going to strike that if it's a subjective kind of thing. It's improper. It's a comment on the credibility of the child by the witness and the court—Supreme Court has ruled that can't be

done. So the jury is to disregard the last question and answer and not consider it."

■ Any impropriety was cured by the court's actions. The court immediately struck the testimony and instructed the jury to disregard it. Absent a contrary showing, it is presumed that the jury understood and heeded the trial court's instructions. *People v. Moody*, 676 P.2d 691 (Colo.1984).

■ The victim was also interviewed by two psychologists, both of whom felt that the victim was not living in a fantasy world, but that she was in touch with reality and capable of distinguishing among the various men who had assaulted her. Such testimony represents a logical response to the defense theory that the victim falsely accused the defendant because she was unable to differentiate perpetrators and was susceptible to suggestive questioning. Therefore, the trial court properly admitted both expert and lay opinion testimony regarding the victim's character.

### III.

Defendant's final contention is that the trial court erred in admitting hearsay statements of the victim. We disagree.

■ The trial court held that the victim's out-of-court statements were admissible as prior consistent statements under CRE 801(d)(1). CRE 801(d)(1) provides that a statement is not hearsay if the declarant testifies at the trial and is subject to cross-examination concerning the statement, and if the statement is consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive.

In this case all of the conditions of CRE 801(d)(1)(B) were met. The child testified at trial, she was subject to cross-examination concerning her statements, and the statements were offered to rebut an express or implied charge against her of recent fabrication or improper influence or motive. *See People v. Koon, supra.* Thus, the trial court acted within its discretion in admitting the victim's out-of-court statements, and its ruling will not be dis-

turbed on appeal. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983).

The judgment is affirmed.

SMITH and REED, JJ., concur.