The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David A. TURLEY, Defendant–Appellant.

No. 90CA1513.

Colorado Court of Appeals, Div. I.

May 20, 1993.

As Modified on Denial of Rehearing Aug. 5, 1993.*

Certiorari Denied March 21, 1994.

* Taubman, J., would grant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, David Turley, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault, second degree kidnapping, and three counts of habitual criminal. We affirm.

I.

Defendant first asserts that the trial court abused its discretion by refusing to require the victim to reveal her current address. Primarily, defendant argues that the trial court failed to weigh properly his interests against the victim's interests. We disagree.

The general rule requiring disclosure of the address of a witness is subject to an exception which precludes those inquiries which tend to endanger the personal safety of the witness. *People v. Thurman*, 787 P.2d 646 (Colo.1990); *see Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). For such exception to be applicable, it must be shown that the danger claimed by the victim in some way relates to the particular defendant, and there must be a nexus such that the witness legitimately fears reprisal from the defendant or his associates. *People ex rel. Dunbar v. District Court*, 177 Colo. 429, 494 P.2d 841 (1972).

Generally, the initial burden is on the prosecution to offer an explanation when it objects to the revelation of information about a witness. *People v. Thurman, supra*. After a showing that the safety of a witness would be endangered if certain information were to be divulged, the defense has the duty to show that the information sought has some materiality sufficient to outweigh the matter of the safety of the witness. *People ex rel. Dunbar v. District Court, supra*.

Here, during direct examination at a pretrial motions hearing, the victim refused to divulge to the prosecutor where she currently lived because she stated she was afraid of the perpetrators of the offenses. The trial court, on subsequent occasions, refused to require the victim to reveal her address to the defense. The trial court noted that the victim had been made available to the defense for interview purposes and concluded that it would not force the victim to divulge her address because the assault was a traumatic incident, "and the Court does not believe that [the victim] should be required to make [her] address known."

Defendant claims, and the People, in effect, concede, that the trial court's ruling did not expressly reflect an application of the proper balancing test. However, we agree with the People that, even so, the trial court's ruling implies determinative facts and circumstances clearly supported by the record.

Specifically, the record shows unequivocally that the defendant made multiple express threats against the victim and her family

during the course of the criminal episode. *See People v. Thurman, supra* (ideally, the witness will provide the trial court with a factual basis for the witness' apprehension, such as evidence of an actual threat to the witness). Moreover, the record indicates that the defendant knew the victim's prior address and her place of employment. Thus, the incremental value of the victim's most recent address was, at best, limited.

Accordingly, the record supports the conclusion that the personal safety exception was applicable here. Thus, we find no abuse of discretion in the refusal to require disclosure of the information. *See People ex rel. Dunbar v. District Court, supra.* Cf. § 16-5-203, C.R.S. (1992 Cum.Supp.); Crim.P. 16 Part I(d)(2) and Part III(d).

## II.

Based upon the victim's behavior following the assault, during the pretrial identification procedure, and while testifying, the defense requested that the trial court order a psychological examination of the victim. The trial court denied the request, finding no factual basis for requiring the victim to undergo such an examination. Defendant now contends that the trial court's ruling was an abuse of its discretion. We disagree.

■ In order to balance a defendant's interest in a fair trial against the victim's privacy interests, a defendant must show a compelling reason or need before the trial court will grant a defense motion for an involuntary psychological examination. *People v. Chard,* 808 P.2d 351 (Colo.1991).

■ Disposition of a request for such an examination is within the discretion of the trial court. *People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980).

■ Based upon the record and the speculative nature of the defendant's assertions in this regard, we conclude that the trial court did not abuse its discretion in denying the motion for psychological examination. The defendant failed to establish a compelling need for the information that would be derived therefrom. *See People v. Chard, supra.*

## III.

■ Defendant next maintains that the trial court erred by refusing to allow discovery of the victim's mental health records and by finding that an insufficient showing had been made to require an *in camera* review by the trial court of any existing Social Services child abuse records. We perceive no error.

Defendant sought to discover whether the victim had ever undergone mental health treatment and whether the victim had any history of contact with the Denver Department of Social Services. The defense alleged that such evidence related to the victim's mental state and her general credibility and reliability.

The trial court denied the request for discovery of these items. Based upon its in-court observation of the victim, the trial court discerned no indication that the victim's competency was in question. It further found that the defense had failed to present sufficient evidence to establish a necessity to require discovery of any alleged records of a prior psychiatric history of the victim. With respect to the alleged social services records, the trial court concluded that the defense had failed to make a sufficient offer of proof to establish a finding of possible necessity for these materials.

In making its ruling, the trial court relied upon *People v. Exline,* 775 P.2d 48 (Colo. App.1988), for the proposition that, pursuant to § 19-10-115(2)(f), C.R.S. (1986 Repl.Vol. 8B), the court is under no obligation to review social services child abuse records before there has been a sufficient offer of proof and it has made an initial finding of possible necessity. Section 19-10-115(2)(f) grants a court access to child abuse or neglect records upon its finding that access to such records may be necessary for determination of an issue before the court. Such access is limited to an *in camera* inspection unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it.

On the record before us, we agree with the trial court that under the statutory test as set forth in *People v. Exline, supra,* the defense failed to meets its initial burden to show the necessity to provide the records.

Defendant points out, however, that in a related federal habeas corpus action, *Exline v. Gunter,* 985 F.2d 487 (10th Cir.1993), the court found a due process violation based upon the trial court's failure to review *in camera* the child victim's social services records. Applying principles expressed in *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), the court required the trial court to review the records to determine whether they contained information that probably would have changed the outcome of the trial.

The victim in *Exline v. Gunter, supra,* had been sexually molested by two other men prior to the alleged assaults by Exline. At trial one of the important issues was the credibility of the victim and the possibility that she had confused or fantasized encounters with Exline because of previous assaults by other men. Under such circumstances, the court concluded that, *People v. Exline, supra,* notwithstanding, under principles of due process, the defense had made an adequate offer of proof to cause the records to fall within the statutory exception to their otherwise confidential nature.

Defendant contends that *Exline v. Gunter* requires a similar result here. We do not agree.

We note first that even under *Pennsylvania v. Ritchie, supra,* a defendant cannot require the trial court to search the record *in camera* "without first establishing a basis for his claim that it contains material evidence." *Pennsylvania v. Ritchie, supra,* 480 U.S. at 58, 107 S.Ct. at 1002, 94 L.Ed.2d at 58. We note further that, apparently, no constitutional due process issue was raised in *People v. Exline, supra.* However, even if we assume that the analysis set forth by the Tenth Circuit is applicable here, we find no error.

Here, unlike in *Exline v. Gunter, supra,* the defendant failed to establish an evidentiary hypothesis as to how the requested information would be relevant to the sexual assault and kidnapping prosecution and necessary for the determination of an issue in his case. *See People v. District Court,* 743 P.2d 432 (Colo.1987).

Moreover, inasmuch as the existence of any mental health or social services records was not established, the defense request was speculative. Hence, absent some showing by the defense of the necessity for and the existence of such records, we conclude that the trial court did not err in determining that the defendant had failed to meet his initial burden of showing the applicability of an exception to the statute's rule of confidentiality. *See People v. District Court, supra. Cf. Pennsylvania v. Ritchie, supra.*

■ In addition, with respect to the request for mental health records, we note that any such records would likely be subject to the patient/physician privilege, § 13–90–107(1)(d), C.R.S. (1987 Repl.Vol. 6A), and that no statutory or other exception to the privilege exists in Colorado. *People v. Tauer,* 847 P.2d 259 (Colo.App.1993); *People v. Overton,* 759 P.2d 772 (Colo.App.1988); *cf.* § 27–10–120(f), C.R.S. (1989 Repl.Vol. 11B). Thus, the request for mental health records, if any, does not fall within the type of analysis required under the principles expressed in *Pennsylvania v. Ritchie, supra.* Accordingly, we conclude that the trial court did not err in refusing to allow discovery of the records.

IV.

Defendant also contends that the trial court erred when it failed to allow him to make a complete record in support of his request for a psychiatric examination of the victim and discovery of the victim's prior mental health history. Specifically, he argues that he should have been permitted to videotape the victim's testimony to preserve a record of her demeanor while she testified. We find no error.

■ The record reveals that the trial court allowed defense counsel to make any written record necessary to preserve issues for appellate review. We are not aware of any authority requiring the trial court to permit such videotaping of a witness while

testifying, nor has defense counsel offered any such authority. Moreover, a trial court's determination of the competency of a witness is aided by the presumption that the witness is competent to testify. *People v. Piro*, 671 P.2d 1341 (Colo.App.1983). Therefore, we find no abuse of the trial court's discretion in refusing to videotape the testimony of the victim or to have a psychologist observe the victim testify in order to determine her competency.

## V.

Defendant next argues that the trial court inadequately advised him of the consequences of testifying by failing to inform him that evidence of prior felony convictions elicited in the substantive case could not be used against him in the habitual criminal proceedings. Again, we disagree.

■ Before a defendant may voluntarily waive his constitutional right to testify, the trial court must advise defendant on the record that if cross-examination by the prosecution reveals prior felony convictions, those convictions may be considered only as to credibility. *People v. Curtis*, 681 P.2d 504 (Colo.1984).

■ In addition, when facing an habitual offender charge, a defendant is entitled to advance notice that admissions to prior felonies may not be used in the habitual offender phase of the trial as substantive evidence. *People v. Tafoya*, 654 P.2d 1342 (Colo.App. 1982).

■ The validity of a waiver is based upon the totality of the circumstances. And, a trial court's finding of valid waiver will be upheld if the record reflects that the defendant was apprised of the right to testify and understood the probable consequences of testifying. *People v. Chavez*, 832 P.2d 1026 (Colo.App.1991), *aff'd*, *People v. Chavez*, 853 P.2d 1149 (Colo.1993).

■ When an habitual offender count is charged, an advisement is sufficient if it informs the defendant that admissions concerning prior convictions may be considered on the issue of credibility and for no other reason. *People v. Clouse*, 859 P.2d 228 (Colo.

App.1992); *People v. Ball*, 813 P.2d 759 (Colo.App.1990).

■ Here, the defendant was advised that if he testified and prior felony convictions were brought out on cross-examination, the jurors would be instructed that they could consider such convictions as they bear on his credibility as a witness. He was told that: "If you have been previously convicted of felony offenses, those offenses may be made known to the jury as those offenses affect your credibility, not as they go toward any trait of character."

We disagree with defendant that this advisement is misleading under the supreme court's analysis in *People v. Chavez, supra.* As pertinent here, that advisement contained no explanation whatsoever as to the use of the defendant's prior felony convictions, except to advise that he could be asked about them. Here, on the other hand, although the habitual offender phase of the trial was not specifically mentioned, defendant was explicitly advised that the prior felony offenses could be used for impeachment and that the jury would be told that they could consider those convictions as they bear on his credibility.

This is neither inaccurate nor misleading. And, as the *Chavez* court stated, "[*Curtis*] did not prescribe an exact litany for a trial court to repeat in giving an advisement to a defendant, [instead,] the record must show that the defendant was properly advised and that the defendant, if he or she chooses not to testify, waived this right voluntarily, knowingly, and intelligently." *People v. Chavez* at 1151. Accordingly, on this record, we conclude that defendant was adequately advised of his right to testify and of the consequences of invoking or waiving that right. *See People v. Clouse, supra; People v. Ball, supra.*

## VI.

Defendant maintains that two of the prior felony convictions forming the basis for the habitual criminal charges were constitutionally infirm. We disagree.

■ To establish the constitutional validity of a prior conviction resulting from a guilty plea, the record as a whole must affirmatively demonstrate that the defendant understood the constitutional rights he was waiving and the critical elements of the crime to which the plea was tendered. *Lacy v. People*, 775 P.2d 1 (Colo.1989), *cert. denied sub nom. Colorado v. Lacy*, 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 337 (1989).

■ A defendant attacking the constitutionality of a prior conviction in habitual criminal proceedings must make a prima facie showing that the guilty plea was unconstitutionally obtained, and having done so, the conviction is not admissible unless the prosecution establishes by a preponderance of the evidence that it was obtained in accordance with the defendant's constitutional rights. *Lacy v. People, supra.*

### A.

■ Defendant argues that his 1981 Denver County conviction for first degree sexual assault is constitutionally infirm because the trial court failed to explain adequately the consequences of pleading guilty, specifically alleging that he was not advised of a mandatory one year period of parole.

The record of the advisement reflects that the defendant stipulated to a sentence in the lower end of the aggravated range for a class three felony and received a sentence of eight years and one month. The trial court advised the defendant that he would be sentenced in excess of eight years. Defense counsel requested immediate sentencing, and after the sentence was imposed and in the presence of the defendant, counsel verified with the trial court that the sentence would also include one year of parole.

Under these circumstances, we conclude that the record as a whole adequately reflects that the conviction was constitutionally obtained. The defense made no objection at the time to the one-year period of parole, and it appears that the defendant was adequately advised of the direct consequences of pleading guilty. Defense counsel's statement regarding the one-year period of parole supports the presumption that the applicable sentence was explained to the defendant by his attorney. *People v. Drake*, 785 P.2d 1257 (Colo.1990). We conclude the trial court correctly found that this was a valid conviction.

### B.

Defendant also argues that his 1981 Denver County conviction for first degree sexual assault and his 1982 Arapahoe County conviction for first degree sexual assault are invalid because he was not advised of the possibility of sex offender sentencing under § 16–13–204, C.R.S. (1986 Repl.Vol. 8A). Again, we do not agree.

■ An appellate court will not consider issues not properly raised at trial unless serious prejudicial error was made and justice requires the consideration. *People v. Freeman*, 739 P.2d 856 (Colo.App.1987). Because this issue was not raised in the trial court, it is not properly before us.

Nonetheless, because sentencing under the sex offender act was not contemplated pursuant to the plea agreements, we conclude that the defendant received the benefit of the bargain made by him, and he incurred no harm as a result of the claimed inadequacy of the advisement. *See generally People v. Medina*, 193 Colo. 190, 564 P.2d 119 (1977); § 16–13–205, C.R.S. (1986 Repl.Vol. 8A) (proceedings under act must be initiated by motion of district attorney, defendant, or court).

### C.

Because we find the prior felony convictions should not have been suppressed, we find no merit in defendant's assertion that his right to testify was improperly burdened by the failure to suppress those convictions.

### VII.

Defendant maintains that his convictions for both second degree kidnapping involving sexual assault and the underlying sexual assault are proscribed by the double jeopardy clause of the federal constitution. *People v.*

*Henderson,* 810 P.2d 1058 (Colo.1991) is dispositive of this contention.

Judgment affirmed.

METZGER and TAUBMAN, JJ., concur.

## ON PETITION FOR REHEARING

Judge TAUBMAN dissents in part from the denial of the defendant's petition for rehearing.

I would grant this petition for rehearing based on the recently decided *People v. Chavez,* 853 P.2d 1149 (Colo.1993). In his appeal, the defendant, David Turley, claimed among other things, that, based upon *People v. Curtis,* 681 P.2d 504 (Colo.1984), the trial court did not adequately advise him of his right to testify and, thus, his relinquishment of that right was invalid. The trial court advised the defendant:

> If you choose to testify, you will be subject to cross examination the same as any other witness who is called in any criminal case. If you have been previously convicted of felony offenses, those offenses may be made known to the jury as those offenses affect your credibility, not as they go toward any trait of character.

After this advisement, defendant chose not to testify.

The defendant contends in his petition for rehearing that *Chavez* requires a different result. I agree. He maintains that this advisement failed to explain that evidence of his prior felonies could be used only to challenge his credibility. He further asserts that the trial court failed to advise him that the prosecution still bore the burden of proving each prior felony at the habitual criminal stage of the trial, and that evidence of prior felony convictions revealed earlier in the trial could not be used to prove these convictions.

The panel's original decision here was made prior to the supreme court's decision in *Chavez.* In *Chavez,* the supreme court reaffirmed the vitality of *Curtis,* holding that "the advisement given must include the *Curtis* elements and avoid misleading a defendant about the consequences of a decision not to testify." *Chavez, supra,* at 1152. *Chavez* thus requires a clear advisement regarding

the use of prior felony convictions before the defendant may voluntarily, knowingly, and intelligently waive his right to testify. Since a clear advisement was not given here, I would grant the defendant's petition for rehearing.

In *Chavez,* the supreme court found that the trial court failed to inform Chavez that, if he testified, his prior felony convictions could be considered *only* to impeach his credibility. The court further found that "by its silence, the trial court left the impression that the prior convictions could be used as substantive proof for the habitual criminal phase of the trial." *Chavez, supra,* at 1152.

Here, the trial court advised the defendant that evidence of prior felony offenses would be considered as they affect credibility but not as to any trait of character. While this advisement rises above the complete failure to advise in *Chavez,* it is still insufficient to permit me to infer that the defendant waived his right to testify voluntarily, knowingly, and intelligently.

The trial court's advisement failed to inform the defendant that the prosecution still had the burden of proving the prior felonies for the habitual criminal phase of his trial. Significantly, the advisement failed to state that "if he testified, his prior felony convictions could be considered *only* to impeach his credibility." *Chavez, supra,* at 1152 (emphasis added).

Although the *Chavez* court stated, "there is no prescribed litany or formulas which must be followed in advising the defendant of his right to testify," 853 P.2d at 1152, I believe the advisement here was legally insufficient. Despite the absence of a litany, the trial court's advisement failed to include a clear explanation of the use of prior felony conviction evidence and the prosecution's continued burden of proof in the habitual offender stage. This advisement did not clarify that prior felony conviction evidence revealed during the substantive phase of the trial could not be considered as proof of those convictions at the habitual phase nor did it permit such an inference by use of the word "only". Therefore, it was manifestly misleading.

Moreover, if the supreme court chooses to revisit this issue, I suggest that a prescribed litany might be helpful for both trial and appellate courts in future cases. As the *Chavez* dissent stated, "If this court is of the opinion that *Curtis* advisements should be delivered without technical error, then this court should set forth a precise statement that trial judges must give." *Chavez, supra,* at 1154 (Vollack, J., dissenting). Because I believe that in the absence of a litany, the trial court's advisement here was defective, I would grant the defendant's petition for rehearing and remand the cause for a new trial.