The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lee Roy Henry JOYCE, Defendant–Appellant.

No. 92CA0964.

Colorado Court of Appeals, Div. II.

Jan. 27, 1994.

Rehearing Denied March 3, 1994.

Certiorari Denied Aug. 8, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Lee Roy Henry Joyce, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of attempted first degree sexual assault, attempted second degree kidnapping, and misdemeanor menacing. We affirm.

I.

Defendant asserts the trial court erred in denying his motion to suppress statements. He argues that his inculpatory statement resulted from coercion by the police. We are not persuaded.

The record reflects that, after the defendant had been identified by the victim, he was arrested and taken to the police station where he was advised of his *Miranda* rights. During subsequent questioning, the interrogating police officer indicated to defendant that he did not feel that he was telling the truth. The officer further indicated that the defendant's level of cooperation would be re-

ported to the district attorney's office, but he testified that he made no threats or promises to the defendant. Thereafter, the defendant confessed to committing the offense.

In denying the motion to suppress, the trial court found the police did not use threats or coercion because they did not express any promise to the defendant with regard to the consequences of his statements.

■ An accused's confession is admissible into evidence only if it is voluntary. Whether a statement is voluntary must be evaluated on the basis of the totality of the circumstances. *People v. Raffaelli,* 647 P.2d 230 (Colo.1982). It must not be the result of official coercion, including any sort of threats, or any direct or implied promises or improper influence, however slight. *People v. Mendoza–Rodriguez,* 790 P.2d 810 (Colo.1990).

■ Based upon the totality of the circumstances, we conclude that the evidence in the record supports the trial court's finding that the defendant's confession was voluntary. The atmosphere surrounding the defendant at the time he made his inculpatory statement is readily distinguishable from that which was present in *Raffaelli,* and it does not establish the existence of coercive governmental conduct, physical or mental, sufficient to induce an involuntary confession or inculpatory statement. *See People v. Gennings,* 808 P.2d 839 (Colo.1991). Accordingly, we find no error in the trial court's denial of the motion to suppress the statements.

## II.

■ Defendant also contends the trial court's refusal to allow cross-examination of the complaining witness about her current address violated his right to confrontation. Again, based upon the totality of the circumstances present here, we disagree.

The record shows that the victim refused to disclose her current address at trial. Following argument by counsel, the trial court ruled that the victim did not have to give her present address because of concerns for her safety arising out of an unrelated, pending homicide case in which she was a witness and which was then in another courtroom.

■ An accused presumptively is entitled to cross-examine a prosecution witness as to that witness' address. *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); *People v. Thurman,* 787 P.2d 646 (Colo.1990). Such cross-examination is an appropriate area of inquiry included in an accused's right to confrontation, and is essential to identifying the witness with his or her environment. An accused is prejudiced when denied the opportunity to place the witness in proper setting and to allow the jury fairly to appraise the weight of his or her testimony and credibility. *Smith v. Illinois, supra; Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *People v. Thurman, supra.*

■ However, a defendant's right to confront and cross-examine witnesses is not absolute. The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. *See Merritt v. People,* 842 P.2d 162 (Colo.1992).

■ There exists a "personal safety exception" to the broad right to cross-examine. *People ex rel. Dunbar v. District Court,* 177 Colo. 429, 494 P.2d 841 (1972). And, for that exception to be applicable, it has been stated that the threat to the witness' safety "must in some way relate to the particular defendant." *People v. Thurman, supra,* 787 P.2d at 652. Nevertheless, the *Thurman* holding does not exclude from the personal safety exception a genuine threat relating to another trial that is being conducted in the same courthouse contemporaneously with the trial in question.

Here, the prosecution presented sufficient evidence showing that the complaining witness had a valid reason for not disclosing her current address. And, although the defense was denied the present address of the victim, it was able fully to develop her recent places of residence, her activities as a prostitute, and her protected status as a witness for the district attorney's office.

The record supports the trial court's findings that the present address of the victim was not of such significant materiality as to prejudice his defense. Hence, under the cir-

cumstances here, we conclude that the trial court did not abuse its discretion in extending the personal safety exception to the victim and applying it to the defendant's right of cross-examination.

Judgment affirmed.

NEY and TAUBMAN, JJ., concur.