FILED
United States Court of Appeals
Tenth Circuit

April 12, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID TURLEY,

  Petitioner–Appellant,

v.

AL ESTEP, Warden, Limon
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

  Respondents–Appellees.

No. 09-1063
(D.C. No. 1:04-CV-00790-CMA-CBS)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

David Turley requests a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny the

application for a COA and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Turley initiated this habeas proceeding in April 2004, challenging his Colorado state court convictions for first degree sexual assault, second degree kidnaping, robbery, and three habitual-criminal sentencing counts. See People v. Turley, Denver Dist. Court No. 89CR1827, aff'd, 90CA1542 (Colo. App. May 20, 1993), cert. denied, 93SC485 (Colo. Dec. 27, 1993). A federal magistrate judge determined that several of Turley's claims had not been exhausted and that state court review would be unavailable. The magistrate judge recommended treating these claims as defaulted under the "anticipatory procedural bar" principle derived from Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), and denying Turley's remaining claims on the merits. The district court adopted the magistrate judge's recommendations and denied habeas relief.

Turley contends that the district court erred by confusing this habeas proceeding with another of Turley's,[1] and by holding that many of his claims were unexhausted. To obtain a COA on either of these procedural issues, Turley must "show[], at least, that jurists of reason would find it debatable whether the

---

[1] About the time Turley filed the instant proceeding (04-CV-00790), he filed another habeas petition (04-CV-00789) challenging additional convictions for first degree sexual assault, second degree kidnaping, and habitual-criminal counts imposed in two other prosecutions that were consolidated for trial in May 1990. See People v. Turley, Denver Dist. Court Nos. 89CR1651 & 89CR1652, aff'd, 870 P.2d 498 (Colo. App. 1993) (affirming convictions in 89CR1651), cert. denied, 93SC539 (Colo. March 21, 1994), and aff'd, 92CA0874 (Colo. March 24, 1994) (affirming convictions in 89CR1652), cert. denied, 94SC357 (Colo. Nov. 29, 1994). The disposition of Turley's other petition is before this court in Appeal No. 09-1215, and will be resolved in a separate decision.

petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We have reviewed the magistrate judge's recommendations and the district

court's order, as well as the state court records to which they refer, and discern no

confusion between the habeas claims and associated state convictions at issue in

this appeal with those at issue in Turley's other habeas case.  The few references

to state court decisions involving the convictions challenged in Turley's other

habeas petition are properly identified and are referenced only because they raised

issues similar to those germane to the convictions challenged here.[2]

Turley also contends that the district court erred in finding some of his

claims unexhausted because it failed to take into account his most recent state

post-conviction proceeding.  In that proceeding, Turley argued:  (1) ineffective

assistance of trial counsel for failing to adequately investigate and challenge two

---

[2] Turley himself has blurred the line between the two distinct habeas
proceedings.  He refers repeatedly on appeal to his "Traverse to the Answer,"
which was filed in his other habeas proceeding.  Building on this self-generated
confusion, Turley complains that the magistrate judge used the wrong number
designations in dealing with many of his claims.  However, the magistrate judge
correctly referenced and discussed all of the claims in Turley's petition; Turley is
simply complaining that the magistrate judge did not use the different numbering
system employed in the omnibus Traverse filed in his other habeas proceeding.
The most telling example is Turley's insistence that the magistrate judge
erroneously referred to a "claim thirteen" when no such claim existed; the habeas
petition in this case sets forth fourteen claims.

-3-

prior convictions underlying his habitual-criminal charges; and (2) ineffective assistance of post-conviction counsel for failing to include in a certiorari petition to the Colorado Supreme Court the above-referenced ineffective assistance of trial counsel claim or to challenge the search and seizure of a vehicle owned by Turley's wife. The Colorado Court of Appeals affirmed the denial of this post-conviction motion in People v. Turley, 01CA1991 (Colo. App. Nov. 6, 2003), cert. denied, 03SC704 (March 22, 2004).

Despite Turley's assertions, the district court did not dismiss the claims raised in his more recent post-conviction challenge as unexhausted or procedurally barred. Rather, the court rejected them on the merits. Accordingly, Turley's allegations regarding this proceeding do not warrant a COA.

We **DENY** Turley's application for a COA and **DISMISS** this appeal. Because Turley has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," Watkins v. Leyba, 543 F.3d 624, 627 (10th Cir. 2008) (quotations omitted), we also **DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge


-4-