The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

**Robert Eugene FULTZ,**
Defendant-Appellant.

No. 86CA0275.

Colorado Court of Appeals,
Div. IV.

March 24, 1988.

Rehearing Denied April 21, 1988.

Certiorari Denied Sept. 19, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Duane M. Kline, III, Sp. Deputy State Public Defender, Boulder, for defendant-appellant.

METZGER, Judge.

The defendant, Robert Eugene Fultz, appeals judgments of conviction for kidnapping and sexual assault, entered upon jury verdicts. He argues that the trial court erred (1) in denying his challenge for cause of a prospective juror; (2) in limiting cross-examination of the complaining witness, thereby restricting his constitutional right to confrontation; and (3) in refusing to suppress a 1979 Illinois rape conviction which the prosecution intended to use for impeachment if the defendant testified. We affirm.

## I.

■ We reject defendant's contention that the trial court erred in denying his challenge for cause of a prospective juror. Defense counsel not only failed to lay a proper foundation for a challenge but also failed to state a reason for the challenge as required by § 16-10-103, C.R.S. (1986 Repl. Vol. 8A) and *People v. Russo*, 713 P.2d 356 (Colo.1986).

## II.

■ The defendant next contends his constitutional right to confrontation was violated by the trial court's refusal to allow cross-examination of the victim concerning her use of illicit drugs. We do not agree.

The trial court determined that evidence of the victim's use of illicit drugs, approximately five months before the offense, was too remote to be probative of her credibility. We find no abuse of discretion in this ruling. *People v. Rubanowitz*, 688 P.2d 231 (Colo.1984); *People v. Saldana*, 670 P.2d 14 (Colo.App.1983).

## III.

The defendant's final argument is that the trial court erred in refusing to suppress a 1979 Illinois conviction, which the prosecution intended to use to impeach his credibility if he elected to testify. We perceive no error.

■ Section 16-5-402, C.R.S. (1986 Repl. Vol. 8A) bars a collateral attack on the validity of a felony conviction, unless such attack is commenced within three years of the date of the conviction. The defendant first contends that a challenge to a conviction in the context of a suppression hearing in another criminal proceeding is not a "collateral attack," and therefore, the statute is inapplicable. However, the term "collateral attack" includes any motion to prohibit the prosecution from using a prior conviction, and, as used in the statute, the term embraces challenges to a conviction sought to be introduced to impeach a defendant who testifies. *People v. Germany*, 674 P.2d 345 (Colo.1983). Thus, this assertion is without merit.

■ The defendant argues in the alternative that his failure to challenge the conviction at any time prior to this trial constitutes "excusable neglect" pursuant to § 16-5-402(2)(d), C.R.S. (1986 Repl.Vol. 8A). The trial court held that defendant's failure to challenge this prior conviction did not constitute excusable neglect, and we agree.

Section 16-5-402, C.R.S. (1986 Repl.Vol. 8A) contains no definition of excusable ne-

glect, and we are unable to locate any criminal cases construing this term as used therein. Thus, we will be guided by the interpretation utilized in civil cases.

Excusable neglect is present if the failure to act results from circumstances which would cause a reasonably careful person to neglect a duty. *Farmers Insurance Group v. District Court*, 181 Colo. 85, 507 P.2d 865 (1973). If there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as a result of some unavoidable hindrance or occurrence, excusable neglect exists. *Plaisted v. Colorado Springs School District No. 11*, 702 P.2d 761 (Colo.App. 1985).

The issue is whether the party acted as a reasonably prudent person under the circumstances. *Watered Down Farms v. Rowe*, 39 Colo.App. 169, 566 P.2d 710 (1977), *rev'd on other grounds*, 195 Colo. 152, 576 P.2d 152 (1978). This issue is for the trier of fact to determine, and its decision will not be disturbed on review so long as different conclusions may be drawn from the evidence. *Craig v. Rider*, 651 P.2d 397 (Colo.1982). Courts have found excusable neglect only in cases of extraordinary circumstances. *Bosworth Data Services, Inc. v. Gloss*, 41 Colo.App. 530, 587 P.2d 1201 (1978).

The record here provides ample support for the trial court's resolution of the issue. The defendant claimed that he was unable to appeal the Illinois conviction because he was under the influence of a tranquilizing drug during the time period for an appeal. However, there is no evidence that any events occurred which would have prevented him from seeking post-conviction relief once he was free from that influence.

Instead, the defendant's only efforts were to consult with two "jailhouse lawyers," neither of whom was a licensed attorney, and to attempt to obtain a transcript of the plea proceedings. Once released from prison the defendant made no efforts to challenge the validity of his plea despite the remedies available to him. *See* Ill.Ann.Stat. Chapter 38, § 122–1 (Smith-

Hurd 1987 Supp.). Therefore, the trial court did not err.

Judgments affirmed.

KELLY, C.J., and TURSI, J., concur.