The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael Duane WINDSOR,
Defendant–Appellant.

No. 91CA0108.

Colorado Court of Appeals,
Div. I.

Dec. 30, 1993.

Rehearing Denied Feb. 3, 1994.

Certiorari Denied June 20, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Michael Duane Windsor, was charged with and convicted of the offenses of third degree sexual assault and menacing, and the jury found that he had previously been convicted of felonies on four separate occasions. Consequently, in addition to receiving a sentence for a term of years for the convictions of the two predicate offenses, he was sentenced to life imprisonment under the habitual criminal statute, § 16–13–101, C.R.S. (1986 Repl.Vol. 8A), prior to its recent amendment. *See* § 16–13–101, C.R.S. (1993 Cum.Supp.). Defendant appeals, asserting that he was not properly advised with respect to his right to testify, that the verdicts returned by the jury with respect to his prior convictions were insufficient, and that the court erred in refusing to consider the validity of three of his previous felony convictions. We affirm the judgments of conviction, but remand the cause for the court to reconsider whether defendant had justifiable excuse or was guilty of excusable neglect in failing to assert a collateral attack on his previous felony convictions.

I.

Defendant first contends that the trial court committed reversible error in failing properly to determine whether he voluntarily, knowingly, and intentionally waived his right to testify. Specifically, defendant asserts that the trial court failed to inform him that, if he chose to testify, any admissions of prior felony convictions elicited during the substantive phase of trial could not be used as evidence to prove the habitual criminal charges. We find no error.

In *People v. Curtis,* 681 P.2d 504, 514 (Colo.1984), our supreme court held that, in order to effect a voluntary, knowing, and intentional waiver of the right to testify, defendant must be aware:

[t]hat he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility. In connection with the privilege against self-incrimination, the defendant should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right.

In the present case, the trial court provided defendant with the following advisement:

THE COURT: Mr. Windsor, I have an advisal that I have to give you at this time. I'd appreciate it if you would respond to that so I'll know that you understand the things that I'm advising you about. Do you understand that you have a right to testify in this case:

DEFENDANT: Yes, sir; I do.

THE COURT: Do you understand that if you want to testify, no one, not your lawyer, not the district attorney and not the court can prevent you from testifying?

DEFENDANT: Yes, sir; I do.

THE COURT: Do you understand that if you testify, the district attorney will cross-examine you?

DEFENDANT: Yes, sir; I do.

THE COURT: And do you understand that if you've previously been convicted of a felony offense, the district attorney will be able to ask you about each felony

conviction and the jury will, by his questioning, be advised you have a previously felony conviction?

DEFENDANT: I sure do.

THE COURT: Do you understand that if a felony conviction is disclosed to the jury, the jury will be instructed to consider such conviction only as it relates to your credibility as a witness?

DEFENDANT: Yes, sir.

THE COURT: And do you understand that if you exercise your right not to testify, the jury can be instructed that they're not to consider the fact that you did not testify for any purpose whatsoever?

DEFENDANT: Yes, sir.

THE COURT: Mr. Windsor, have you arrived at your own independent decision after of course listening to the advice of your counsel as to whether or not you will testify in this case?

DEFENDANT: Yes, sir.

THE COURT: And do you choose to testify or not to testify?

DEFENDANT: Not testify.

While *Curtis* does not require any precise formulation of words which the trial court must utilize, the advisement must include the elements set out in that holding. *See People v. Milton*, 864 P.2d 1097 (Colo.1993); *People v. Chavez*, 853 P.2d 1149 (Colo.1993).

Here, the advisement given defendant includes all of the elements required by *Curtis* and its progeny. Defendant asserts, however, that, because his trial involved sentencing under the habitual criminal statute, he was entitled to further specific advice that admissions of prior convictions elicited during the substantive phase of trial could not be used as evidence to prove the habitual offender charges. This is the issue that our supreme court specifically reserved in *People v. Chavez, supra*, at note 6.

We are satisfied, however, that if, as here, a defendant is advised that evidence of prior convictions introduced in the substantive trial can be used only for credibility purposes, no additional advice is required in such circumstances. *People v. Boehmer*, 872 P.2d 1320 (Colo.App.1993); *People v. Turley*, 870 P.2d

498 (Colo.App.1993); *People v. Clouse*, 859 P.2d 228 (Colo.App.1992). To the extent that defendant argues that *People v. Tafoya*, 654 P.2d 1342 (Colo.App.1982), which was decided before *People v. Curtis, supra*, may suggest that further advisement is needed, we reject that reading of *Tafoya*.

Hence, we conclude that the court's advice to defendant with respect to his right to testify was proper.

## II.

■ Defendant next asserts that the jury verdicts respecting his status as an habitual offender were unreliable because the jury forms failed to require that the jury make findings upon all elements of his habitual criminal status for sentencing. We disagree.

With respect to each of the four counts based upon a prior felony conviction, the jurors were properly instructed as to each of the elements required to be established by § 16–13–101. *See COLJI–Crim.* No. 27:17 (1983). Defendant does not assert that these instructions were in any manner incomplete or inaccurate.

However, the form of the verdict which was rendered by the jury with respect to each count under the habitual criminal statute merely said that:

We, the jury, find that the Defendant, MICHAEL DUANE WINDSOR, was previously convicted of [the charged felony].

Neither § 16–13–101 nor any other statute requires the jury to render special findings with respect to each element of a habitual criminal count. The form of the verdict here was simply designed to allow the jurors to express their finding with respect to whether the People had established all of the elements necessary to be established under the habitual criminal statute upon which the jurors had been specifically instructed. This verdict form clearly expresses the jurors' finding with respect to each of the pertinent counts, and while another form might have been used, the fact that there was no special finding as to each element is irrelevant in light of the specific instructions given here.

*See People v. Roberts,* 705 P.2d 1030 (Colo. App.1985).

## III.

■ Defendant argues that the trial court erred in not suppressing evidence of a nolo contendere plea he entered as the basis for one of his prior felony convictions. We find no error.

CRE 410 provides, in pertinent part:

*Except as otherwise provided by statutes of the state of Colorado,* evidence of a plea ... of nolo contendere ... is not admissible in any civil or criminal action, or proceeding against the person who made the plea or offer. (emphasis supplied)

Prior to the adoption of the Colorado Rules of Evidence in 1980, our courts had construed the word "conviction," as used in the habitual offender statute, to include a judgment of conviction entered upon a plea of nolo contendere. *People v. Goodwin,* 197 Colo. 47, 593 P.2d 326 (1979). Therefore, a judgment of conviction entered upon a plea of nolo contendere, for purposes of habitual offender status, comes within the statutory proviso to CRE 410.

Defendant urges that CRE 410 supersedes the holding of *People v. Goodwin, supra.* We disagree.

The proviso to CRE 410 referring to statutes that authorize receipt of evidence of a plea of nolo contendere must necessarily have intended to refer to such statutes as they have been construed by the judiciary. And, there having been no change in the legislative meaning of conviction under § 16–13–101, the supreme court's promulgation of CRE 410 could not effect any such change.

## IV.

■ We next turn to defendant's contention that § 16–5–402, C.R.S. (1986 Repl.Vol. 8A), which provides a three-year time limitation for collateral attacks on the validity of prior felony convictions, violates his right to equal protection of the law. Defendant's precise contention in this regard was rejected by our supreme court in *People v. Wiedemer,* 852 P.2d 424 (Colo.1993). That opinion is dispositive of defendant's assertions upon this point.

## V.

Defendant's last assertion is that the district court erred in applying the time bar of § 16–5–402 to his previous federal convictions and in failing to find that he demonstrated excusable neglect under § 16–5–402(2)(d), C.R.S. (1986 Repl.Vol. 8A) so as to allow him to challenge the constitutionality of his prior state convictions.

## A.

■ Section 16–5–402(1), C.R.S. (1986 Repl.Vol. 8A) provides, in pertinent part:

Except as otherwise provided in subsection (2) of this section, no person who has been *convicted of a criminal statute of this or any other state of the United States* shall collaterally attack the validity of that conviction unless such attack is commenced within the applicable time period.... (emphasis added)

Defendant urges us to read this statute as not applying to federal convictions. We decline to do so.

"[W]here possible, a statute is to be construed as a whole to give consistent, harmonious and sensible effect to all of its parts." *Colorado Department of Social Services v. Board of County Commissioners,* 697 P.2d 1, 23 (Colo.1985).

■ The purpose of § 16–5–402 is to promote the state's interest in preserving the finality of criminal judgments and in providing enhanced sentences for repeat offenders. *People v. Wiedemer, supra.* It must, therefore, be read together with the habitual offender statute, § 16–13–101.

Section 16–13–101(2), C.R.S. (1986 Repl. Vol. 8A) provides that:

Every person convicted in this state of any felony, who has been three times previously convicted ... of a felony ... *under the laws of any other state, the United States, or any territory subject to the jurisdiction of the of the United States* ... shall be adjudged an habitual criminal and shall be punished by imprisonment in a correction-

al facility for the term of his or her natural life. (emphasis supplied)

Reading these two statutes together, we conclude that it was the apparent intent of the General Assembly to have the time bar upon collateral attacks contained in § 16–5–402(1) applied to all convictions that could be the basis for a determination of habitual criminality under § 16–13–101. To conclude that the time bar applies to attacks upon convictions rendered by sister state courts, but not to those rendered by the federal courts, would lead to frustration of the legislative purpose and to an absurd result. We may not construe these two statutes in such a way. *See People v. Driver*, 189 Colo. 276, 539 P.2d 1248 (1975).

### B.

■ Section 16–5–402(2), C.R.S. (1986 Repl.Vol. 8A) provides that:

[T]he only exceptions to the time limitations specified in subsection (1) will be:

. . . .

(d) Where the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

The prior felony convictions used to enhance defendant's sentence consisted of a 1973 state conviction in Maryland, a 1977 federal conviction in Ohio, a 1986 state conviction in Wyoming, and a 1986 federal conviction in Wyoming. It is uncontroverted that, before any charges were brought against defendant in Colorado, the three-year period for collateral challenges had run on all of these convictions. Further, defendant asserted that he had not been physically present in Colorado, nor taken up residence in this state, until after the three-year period had expired.

Defendant argued before the trial court that he qualified under the excusable neglect exception to the time bar because he had no notice of the necessity to challenge his prior convictions under Colorado's three-year limit, until he faced the current charges in Colorado, or at least until he was physically present in the state. And, in either case, the time limit had already expired.

The People argued that defendant had a past need to challenge his prior convictions, regardless of his lack of notice of Colorado's time limit, because of the 1986 providency hearing in the Wyoming court, at which time a plea agreement prevented the filing of habitual criminal charges under Wyoming law.

Relying on the evidence of the Wyoming plea agreement and the definition of excusable neglect provided in *People v. Fultz*, 761 P.2d 242 (Colo.App.1988), the trial court rejected defendant's argument and concluded that the statutory proviso was inapplicable.

Since the trial court's determination, however, our supreme court has rendered its opinion in *People v. Wiedemer, supra*, in which it concluded that the standard for determining the existence of justifiable excuse or excusable neglect set forth in *People v. Fultz, supra*, was too strict. It adopted a more flexible standard and described the nature of the factors to be considered as follows:

We agree that factors such as the existence of circumstances or outside influences preventing a challenge to a prior conviction and the extent to which a defendant having reason to question the constitutionality of a conviction investigates its validity and takes advantage of avenues of relief that are available to him are relevant in determining whether justifiable excuse or excusable neglect exists in a particular case. Also relevant is whether a defendant had any previous need to challenge a conviction, whether he knew that it was constitutionally infirm or had reason to question its validity, whether he had other means of preventing the government's use of the conviction so that a post conviction challenge was previously unnecessary, as well as the extent of time between the date of conviction and the defendant's challenge and the effect that the passage of that time has on the State's ability to defend against the challenge.

*People v. Wiedemer, supra*, 852 P.2d at 441–42.

The issue whether a defendant qualifies for the justifiable excuse or excusable neglect exception is a question of fact to be determined by the trial court. *Swainson v. People,* 712 P.2d 479 (Colo.1986).

Here, although the trial court used some of the factors referred to in *Wiedemer* in determining that the defendant did not qualify under the justifiable excuse or excusable neglect exceptions to the collateral challenge statute, it did so under the strict standard of *Fultz,* which has since been rejected. Under these circumstances, therefore, we shall remand the cause to that court for its reconsideration of the question of the existence of justifiable excuse or excusable neglect under the *Wiedemer* standard. In doing so, it may receive further evidence from the parties upon that question.

The judgments of conviction are affirmed, but the cause is remanded to the trial court for further consideration as described above. Should the court find that defendant had no justifiable excuse and that his neglect was not excusable, his sentences shall stand affirmed, subject to further appeal of such finding. Should the court find that defendant had a justifiable excuse or that his neglect was excusable, the court shall consider the constitutional validity of any of the four prior convictions to which such finding is applicable and, if it determines that any such conviction is constitutionally infirm, it shall resentence defendant if, under the law, its findings and determinations require it to do so.

PIERCE and ROTHENBERG, JJ., concur.