The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Daniel J. BOEHMER, Defendant–Appellant.

No. 91CA1608.

Colorado Court of Appeals, Div. V.

Nov. 4, 1993.

Rehearing Denied Dec. 16, 1993.

Certiorari Denied April 18, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Daniel J. Boehmer, appeals the judgment entered upon jury verdicts finding him guilty of aggravated robbery and adjudicating him to be a habitual criminal. We affirm.

## I.

■ Defendant first contends that his right to testify was not properly waived because the court provided him with an inadequate advisement. Defendant asserts that it was error for the trial court not to advise him, in addition to the advisement prescribed in *People v. Curtis*, 681 P.2d 504 (Colo.1984), that the same jury would hear the habitual criminal trial and that, if during his testimony in the substantive trial he admitted prior felony convictions, these admissions could not be used to prove the habitual criminal charge. We do not agree.

The following dialogue occurred between the trial court and defendant during his advisement:

THE COURT: Then Mr. Boehmer, I need to advise you as to your rights to testify or not to testify in this case. You have the right to testify or not to testify as you desire, and that's a decision only you can make in this case. Do you understand that?

MR. BOEHMER: Yes, I do.

THE COURT: That's a decision that can't be made by your attorney or anyone else. Now if you do testify, you will be cross-examined by the district attorney.... Do you understand that?

MR. BOEHMER: Yes.

THE COURT: And if you have been previously convicted of a felony—and there are allegations that you have been previously convicted of felony offenses—the prosecuting attorney may ask you questions to establish that you have been convicted of any such felonies. Do you understand that?

MR. BOEHMER: Yes.

. . . . .

THE COURT: If it is determined that you were convicted of such offenses, the jury would be instructed that they may consider the facts of any prior felony convictions only for the purposes of weighing your credibility as a witness. They could not consider it as direct evidence that you committed the offense with which you're charged in this case. Do you understand that?

MR. BOEHMER: Yes.

■ The effectiveness of a waiver of the right to testify must be tested by the same constitutional standards applicable to waiver of the right to counsel. It must be voluntary, knowing, and intentional. *People v. Curtis, supra.*

In *Curtis, supra,* at 515, our supreme court held that the defendant's constitutional rights are adequately protected by advising the defendant outside the presence of the jury:

that he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it, and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility.

The court did not "address the situation present in that narrow class of cases where a prior felony conviction is an element of the crime charged." *People v. Curtis, supra,* at 514 (fn. 12).

More recently, in *People v. Chavez*, 853 P.2d 1149 (Colo.1993), the supreme court addressed the adequacy of an advisement in a case involving an adjudication as a habitual criminal. The trial court had failed to inform the defendant that the decision whether to testify was a personal one that defendant could make notwithstanding his counsel's advice and that defendant's admission of the prior convictions could only be used to impeach his credibility.

These omissions made the advisement given "defective under *Curtis* and affirmatively misleading in its context.... By its silence, the trial court left the impression that the prior convictions could be used as substantive proof for the habitual criminal phase of the trial." *People v. Chavez, supra,* at 1152. The supreme court again did not address whether there was a requirement for "any advisement in addition to the *Curtis* requirements in a case involving a defendant charged with being a habitual criminal." *People v. Chavez, supra,* at 1152 (fn. 6).

While the supreme court has not addressed the issue presented here, a division of this court in *People v. Turley,* 870 P.2d 498 (Colo.App.1993) held that an advisement similar to that in question was neither inaccurate nor misleading under the *Curtis* standard.

We reach the same conclusion. Nothing in the advisement given was inaccurate. Nor did it imply anything about the use of an admission of a prior felony conviction during the substantive trial in the following habitual criminal trial. And, the failure to advise defendant that the same jury would hear the habitual criminal trial could not have prejudiced his decision *not* to testify. We decline to impose any further affirmative responsibilities on the trial court to safeguard the constitutional right to testify.

Here, there is no evidence in the record to indicate that defendant, who was represented by counsel, did not voluntarily, knowingly, and intentionally waive his right to testify. We therefore find no violation of that constitutional right.

## II.

■ Defendant next contends that his right to a fair trial before an impartial jury was violated by the improper introduction of evidence concerning his arrest. He argues that this improperly injected evidence of other criminality into the trial and that such evidence was irrelevant and highly prejudicial, requiring reversal. We find no error in admitting this evidence.

At trial, three police officers testified concerning certain circumstances surrounding defendant's arrest. Over the objection of the defense, testimony was received that at the time of his arrest a handgun was found on the defendant, that he was wearing multiple layers of clothing, and that a search of his car produced several items of clothing identified by the officers at trial.

■ The determination whether evidence is relevant is within the sound discretion of the trial court, and its ruling will not be reversed unless an abuse of the discretion is shown. *People v. Lowe,* 660 P.2d 1261 (Colo. 1983).

At the outset, we reject defendant's contention that evidence he was wearing multiple layers of clothing when arrested constituted evidence of other crimes. *See People v. Watson,* 650 P.2d 1340 (Colo.App.1982). And, because the victim testified that the robber was wearing multiple layers of clothing, defendant's similar dress at the time of arrest was relevant. Likewise, evidence of how a gun, which the robbery victim testified was similar to that used in the robbery, was obtained from defendant was equally relevant.

Defendant's final contention is that the trial court should have given a cautionary instruction before admitting the evidence. Because this argument was first raised in defendant's reply brief, we decline to address it. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

## III.

■ Defendant next contends that the admission of testimonial evidence of the victim's description of the robber constituted reversible error. We again disagree.

During the trial, the victim made an in-court identification of the defendant as the robber. The victim further testified as to the description of the robber that she gave to police the night of the robbery. The police officer who received this description of the robber from the victim also testified in court as to the description received.

Defendant argues that the testimony of the victim and the police officer regarding the description of the robber was inadmissible under CRE 403 and 801 since it impermissi-

bly bolstered the victim's testimony, was cumulative, and violated the rule against the admission of hearsay.

■ Because this issue was not properly raised before the trial court, our review is limited to determining whether this asserted defect rises to the level of plain error. *People v. Snook,* 745 P.2d 647 (Colo.1987); Crim.P. 52(b). Plain error exists only if the alleged impropriety so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

Here, the evidence was corroborative of other properly admitted testimony. While arguably cumulative, it did not have a tendency to confuse or inflame the passions of the jury. Error, if any, in its admission did not so undermine the fairness of the trial to cause serious doubt about the reliability of the judgment. Hence, there was no plain error. *See Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972).

### IV.

■ Defendant's next contention is that the prosecution failed to introduce sufficient proof of identity as to the prior federal conviction. We need not resolve this issue because even if we were to hold that the federal conviction could not be used to support the habitual criminal charge, the outcome of the adjudication and sentence would not change.

An adjudication as a habitual criminal resulting in life imprisonment, under the law in effect at the time of defendant's conviction, required proof of three prior felony convictions. *See* § 16–13–101(2), C.R.S. (1986 Repl.Vol. 8A). Here, four previous felonies were proved, in addition to the questioned federal conviction. Therefore, the error, if any, was harmless. *People v. Carlson,* 712 P.2d 1018 (Colo.1986).

### V.

Finally, defendant contends that the trial court erred by applying the collateral attack statute, § 16–5–402, C.R.S. (1986 Repl.Vol. 8A), to reject his motion to suppress his prior convictions. He argues that the statute is unconstitutional facially and as applied. Alternatively, he claims that the statute does not bar challenges to prior federal convictions and that he demonstrated a justifiable excuse or excusable neglect as grounds for the filing of an untimely motion challenging his other prior convictions. We do not agree.

### A.

■ Defendant's challenge to the constitutionality of the statute is without merit. Our supreme court has rejected both due process and equal protection challenges to the statute in the context of Crim.P. 35(c) post-conviction reviews. *People v. Wiedemer,* 852 P.2d 424 (Colo.1993). The *Wiedemer* analysis and conclusion equally applies to a collateral attack challenging the use of a prior conviction in a separate proceeding, such as establishing a predicate offense for another charge.

### B.

Defendant offers two arguments to support his contention that the three-year time limit to attack felony convictions should not apply to him because of the exception to the time limit in § 16–5–402(2) for excusable neglect.

■ First, he argues that failure to attack his prior convictions was excusable neglect because prior to the current criminal charge "there was no need at any time to attack the prior felony convictions because he had never been subjected to habitual counts." This argument, however, has been considered and rejected both by this court in *People v. Stephens,* 837 P.2d 231 (Colo.App.1992), and our supreme court in *People v. Wiedemer, supra.*

■ Defendant next argues that the attorneys previously representing him had an affirmative duty to protect his constitutional right by attacking the prior convictions before the time limitations expired. This argument is not based upon ineffective assistance of counsel at trial, but on failure of counsel to attack each conviction after each trial.

Here, defendant failed to present any evidence that the failure of counsel to attack prior convictions amounted to ineffective as-

sistance of counsel. And, we reject the notion that the mere failure to challenge a conviction establishes ineffective assistance of counsel and constitutes excusable neglect or justifiable excuse on the part of the defendant. The trial court therefore did not err in finding no excusable neglect or justifiable excuse for defendant's failing to challenge the prior convictions within the applicable time limitations.

### C.

The defendant also asserts that § 16–5–402 does not bar challenges to federal convictions. He argues that a "plain language" reading of the statute makes clear that the time limitations imposed to attack convictions do not apply to prior *federal* convictions and that the trial court erred in denying his motion to suppress his sole prior federal conviction.

Because this argument was not raised before the trial court, we do not address it here. *See Wilson v. Board of County Commissioners,* 703 P.2d 1257 (Colo.1985).

In any event, even if the argument were properly before us, the conviction and sentence of defendant as a habitual criminal would not change because, as already noted, the statute requires only three previous convictions. *See* § 16–13–101(2). Suppressing the sole federal conviction would still leave four other felony convictions.

The judgment is affirmed.

MARQUEZ and DAVIDSON, JJ., concur.