The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gerald DESKINS, Defendant–Appellant.

No. 93CA0750.

Colorado Court of Appeals,
Div. IV.

March 23, 1995.

Rehearing Denied May 4, 1995.

Certiorari Denied Oct. 30, 1995.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Gerald Edward Deskins, appeals the judgment entered on jury verdicts convicting him of three counts of child abuse resulting in death, three counts of vehicular homicide, two counts of vehicular assault, one count of driving under the influence, and one count of child abuse resulting in serious bodily harm. Premised on six prior felony convictions, defendant was also adjudicated to be an habitual criminal. We reverse the judgments based on the failure of the trial court properly to advise defendant of his right to testify and remand for a new trial with directions to dismiss habitual counts thirteen and fourteen and to review defendant's collateral attack on the validity of his allegedly unconstitutional prior convictions in light of *People v. Wiedemer*, 852 P.2d 424 (Colo. 1993).

In August 1992, a car driven and occupied only by defendant, who was under the influence of alcohol, collided with another car occupied by a woman, her three children, and a neighbor's child. As a result of the collision, three of the children were fatally injured and the woman and one child sustained serious injuries.

## I

Defendant contends that the trial court did not adequately advise him of his right to testify and, therefore, that his waiver of this right was invalid. We agree.

Criminal defendants have a Fourteenth Amendment due process right to testify on their own behalf. A defendant may waive that right, but to assure that such a waiver is voluntary, knowing, and intentional, the trial court must advise the defendant

outside the presence of the jury that he has a right to testify, that if he wants to testify that he cannot be prevented from doing so, and that if he testifies, the prosecution will be allowed to cross-examine him. *People v. Curtis,* 681 P.2d 504 (Colo.1984).

■ The trial court must also inform the defendant that if he has been convicted of a felony, the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury, then the jury will be instructed to consider it *only* as it bears upon defendant's credibility. *People v. Curtis, supra. See also People v. Chavez,* 853 P.2d 1149 (Colo.1993) (*Chavez II* ) (if defendant testifies, he is entitled to an instruction informing the jury that evidence of prior felonies is admitted only for limited purpose of impeaching credibility).

■ Evidence of a defendant's prior felony convictions elicited during trial on substantive charges is not admissible for substantive purposes in a pending habitual criminal proceeding. And, the prosecution must prove beyond a reasonable doubt the defendant's prior convictions by duly authenticated records of those convictions or other evidence independent of defendant's testimony. *People v. Chavez,* 621 P.2d 1362 (Colo.1981), *cert. denied,* 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981) (*Chavez I* ).

■ Although we recognize that there is no prescribed litany or formula which must be followed in advising a defendant of his or her right to testify, *Chavez II, supra,* we conclude that the trial court's advisement here did not adequately inform defendant of the limited impeachment purpose for which his testimony relating to prior convictions would be admissible.

Here, the trial court advised the defendant as follows:

Sir, you are advised that you have both the right to remain silent and the right to testify. That that decision is your decision certainly to be made with the advice and assistance of your attorney and whoever else you may have conferred with, but the decision is yours. If you decide not to testify before the jury and exercise your right to remain silent, you are entitled to an instruction to the jury that they are to draw no inference of guilt from the fact that you did not testify. If you decide to testify anything that you do say to the jury can be used both for you and against you, and you would be subject to cross-examination and impeachment. And in this case we are aware that there are prior felony convictions upon which you may be impeached, and the jury would have the opportunity to know and hear of the fact that you have prior felony convictions. And would be entitled to an instruction or the People would be entitled to an instruction on credibility with regard to prior criminal convictions.

Thus, the court did not advise defendant that his prior convictions were admissible only for the limited purpose of credibility.

Based on the advisement given, defendant could reasonably have inferred that the prosecution would be relieved of its burden to prove his prior convictions in the habitual phase if he acknowledged these convictions in the substantive phase. Therefore, defendant was without basis to comprehend the limited purpose of his testimony regarding prior convictions. *Chavez II, supra. See also People v. Gray,* 899 P.2d 290 (Colo.App.1994) (record must affirmatively show that defendant was advised of and understood the prosecution's continuing obligation to prove habitual criminal counts by separate independent evidence).

Absent an adequate advisement regarding his right to testify, defendant's waiver cannot be considered voluntary, knowing, and intentional. Hence, the convictions cannot stand, and a new trial is required.

II

Defendant argues that his right to testify was impermissibly chilled and his sentence was unlawfully supported by the prosecution's use of two allegedly unconstitutional prior convictions.

We do not address these issues here because they will be determined on retrial after proper advisement has been given. Howev-

er, we note that any burden placed upon defendant's right to testify resulted from the deficiency of the *Curtis* advisement.

## III

◼ Defendant next contends that there was insufficient evidence to support the child abuse convictions because there was no evidence that defendant knew or could have anticipated that his conduct would injure a child rather than an adult. We disagree.

Section 18–6–401(7)(a)(I), C.R.S. (1986 Repl.Vol. 8B), provides that a person who acts recklessly and whose conduct results in the child's death commits a class two felony. Section 18–6–401(7)(a)(III), C.R.S. (1986 Repl.Vol. 8B), provides that a person who acts recklessly and whose conduct results in serious bodily injury to the child commits a class three felony. Section 18–6–401(7)(a)(III), C.R.S. (1986 Repl.Vol. 8B).

The plain wording of §§ 18–6–401(7)(a)(I) and 18–6–401(7)(a)(III) appears to impose criminal liability when a defendant's reckless conduct results in injury to a child or children without requiring the defendant to have knowledge of, or a reasonable belief as to, the presence of a child or children. Therefore, we conclude that, if a person acts recklessly and if that conduct by happenstance injures or kills a child or children, criminal liability attaches.

Defendant's arguments on appeal focus exclusively on the sufficiency of the evidence of defendant's knowledge or reasonable belief that a child or children would be injured by his conduct. Defendant contends that he had no knowledge of the presence of children in the car that he struck and that he had no reason to believe that children would be injured by his driving under the influence of alcohol. However, our plain wording analysis of the statute does not require evidence of knowledge or reasonable belief of the presence of children.

We note that the apparent constitutional equal protection issues raised in regard to the wording of the child abuse statute were not asserted at trial, nor were they briefed on appeal. Therefore, we will not address them. *See Paine, Webber, Jackson & Curtis v. Adams,* 718 P.2d 508 (Colo.1986).

## III

◼ Defendant further contends that the collateral attack statute, § 16–5–402, C.R.S. (1986 Repl.Vol. 8A), is unconstitutional as applied to bar a motion to challenge a prior conviction in an unrelated proceeding. We disagree.

Defendant argues that a criminal defendant must be given an opportunity to challenge a prior conviction that the prosecution seeks to use in a subsequent, unrelated proceeding unless the defendant has already challenged its validity in a post-conviction motion or appeal. Defendant also maintains that the cases in which the constitutionality of the collateral attack statute has been upheld are distinguishable because those cases were based on Crim.P. 35(c) motions for post-conviction review. We reject defendant's contentions.

The collateral attack statute has been found to be constitutional as applied to bar a motion to challenge a prior conviction in an unrelated proceeding. *See People v. Wiedemer, supra.* The justifiable excuse or excusable neglect exception set forth in § 16–5–402(2)(d), C.R.S. (1986 Repl.Vol. 8A) provides a criminal defendant with a meaningful opportunity to challenge allegedly unconstitutional convictions.

In light of the necessity of a new trial based on the deficiency of the trial court's *Curtis* advisement, the trial court should afford defendant an opportunity to demonstrate that, under the *Wiedemer* standards, he should not be barred from challenging the constitutionality of the pertinent prior conviction.

## IV

Defendant contends that there was insufficient evidence to support four habitual criminal counts. He asserts that the prosecution failed to produce sufficient evidence of identity in habitual criminal counts thirteen, fourteen, and fifteen, and argues that adequate or admissible evidence was not submitted in support of count twelve. We agree that

there was insufficient evidence as to two of the six habitual criminal counts.

In any habitual criminal action, the prosecution bears the burden of proving beyond a reasonable doubt that the accused is the person named in the prior convictions. *People v. Mascarenas,* 666 P.2d 101 (Colo. 1983), *rev'd on other grounds,* 706 P.2d 404 (Colo.1985).

Here, the trial court did not commit error when it determined that the evidence before the jury was sufficient in both quality and quantity to submit the issue of defendant's guilt or innocence to the jury as to count fifteen. This count, attempted trafficking in stolen property, was supported by sentencing and conviction documents, photographs, and defendant's social security number. Hence, this count may be retried.

We also conclude that count twelve, forgery, was adequately supported by the exhibits admitted by the prosecution.

The habitual criminal statute provides that a "duly authenticated copy of the record of former convictions and judgments of any court of record for any of said crimes against the party indicted or informed against shall be prima facie evidence of such convictions . . . ." Section 16–13–102, C.R.S. (1986 Repl.Vol. 8A).

In support of count twelve, the prosecution submitted a record of defendant's conviction of forgery maintained by the Kansas Bureau of Investigation. The record was admitted on the basis that it bore the seal of the state of Kansas and was, therefore, self-authenticating under CRE 902(1).

We do not agree with the trial court that the record of defendant's Kansas conviction of forgery was self-authenticating as a document under seal. Even if we were to conclude that the Kansas Bureau of Investigation record was a document under seal, the record would not be self-authenticating because it does not contain "a signature purporting to be an attestation or execution" as required by CRE 902(1). However, we conclude that the record was admissible as a public record under CRE 901(b)(7).

Admissible evidence does not become inadmissible because a trial court relied on an inappropriate rule of evidence. *People v. Quintana,* 882 P.2d 1366 (Colo.1994).

Although the record was not open to general access by the public, it qualifies as a public record for purposes of CRE 901(b)(7). The record is a data compilation which appears to have been obtained from the public office where items of this nature are kept. CRE 901(b)(7). Defense counsel did not have a foundation objection to the admission of the record. Therefore, such objection was waived.

Because the record contains defendant's name, physical description, and Federal Bureau of Investigation identification number, we conclude that the evidence was sufficient as to this count. Accordingly, we conclude that this count also may be retried.

In contrast, as to counts thirteen, drawing a check on no account, and fourteen, transportation of a stolen vehicle, the court erred in determining that the evidence was sufficient to submit these counts to the jury.

The information contained in the exhibit admitted in support of these counts was illegible. This information, which included defendant's height and weight, fingerprints, date of birth, and a copy of a photograph of defendant, was, therefore, not helpful in determining whether defendant was the person named in these prior convictions. Further, the evidence failed to link the legible fingerprints which had been admitted to defendant's prior convictions. Accordingly, the judgment of conviction as to counts thirteen and fourteen concerning habitual criminal cannot stand.

In light of our resolution of these issues, we do not address the remaining arguments raised by defendant.

The judgments of conviction are reversed, and the cause is remanded for a new trial on all charges except habitual criminal counts thirteen and fourteen. On remand, the trial court is directed to review defendant's collateral attack on the validity of his allegedly

unconstitutional prior convictions in light of *People v. Wiedemer, supra.*

PLANK and RULAND, JJ., concur.