**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Marvin GRAY, Defendant–Appellant.**

**No. 93CA0658.**

Colorado Court of Appeals, Div. II.

Dec. 29, 1994.

Rehearing Denied Jan. 19, 1995.

Certiorari Granted July 31, 1995.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender and Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant

Opinion by Judge ROY.

Defendant, Marvin Gray, appeals a judgment of conviction entered on jury verdicts finding him guilty of two counts of aggravated robbery, one count of attempted aggravated robbery, and habitual criminal. We reverse and remand for a new trial.

Defendant was charged with two counts of aggravated robbery and two counts of attempted aggravated robbery as the result of three separate incidents in the downtown Denver area in which four individuals were accosted at gunpoint by a man who demanded their purses or wallets.

## I.

Defendant contends that the court erred in failing to advise him properly of his rights pursuant to *People v. Curtis*, 681 P.2d 504 (Colo.1984). Specifically, he maintains that the court failed to advise him that any admissions made by him during the substantive phase of the trial with respect to prior felony convictions would be admissible *only* for purposes of impeachment and that the prosecution would still have the burden of proving the prior felony convictions at the habitual offender phase of the trial. We agree with the defendant and conclude that the court's omissions in the advisement constituted reversible error.

Here, defendant was advised as follows:

Now, if you do testify you should note that the District Attorney will be able to cross-examine you about the facts of this particular case, and if you've been previously convicted of a felony, the District Attorney will be entitled to ask you about your previous convictions.

I understand from my review of the file that there is some issue as to whether or not you have been convicted of six prior felonies, at least that's the allegation with respect to the other part of this case. As a result of that, I anticipate that if you testify the District Attorney will inquire of you as you are testifying about the existence of these six prior felonies.

The six prior felonies would be admissible with respect to credibility. The District Attorney can in fact talk about them. Are you aware of all of that?

In *People v. Chavez*, 621 P.2d 1362 (Colo. 1981), *cert. denied*, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981) (Chavez I), the defendant did not testify in a trial in which he was convicted of first degree criminal trespass and conspiracy to commit second degree burglary. At the conclusion of a subsequent hearing, the defendant was acquitted of four habitual criminal counts. At the close of the prosecution's case with respect to the substantive charges, the defendant moved to exclude any testimony concerning his admissions to the prior felony convictions during the trial of the substantive offenses from the subsequent habitual criminal proceedings. The trial court denied the motion and correctly advised the defendant, under the law at that time, that impeachment evidence of his prior convictions elicited during the trial could be used to prove the prior felonies in the habitual criminal proceedings.

The supreme court reversed, holding that a defendant has the right to testify protected by the Fourteenth Amendment and that there is an intolerable conflict between the right to testify and the defendant's right to have the People prove each element of habitual criminality. The supreme court held that the defendant can only be extricated from this "intolerable dilemma" by the trial court instructing the jury that admissions of prior convictions could be used only as to the defendant's credibility regarding the substantive charges and that the prosecution must prove the habitual criminal counts be-

yond a reasonable doubt with independent evidence.

Subsequently, in *People v. Curtis, supra,* the defendant was convicted of first degree assault, in a proceeding not involving any habitual criminal charges, following a jury trial at which he did not testify. After a hearing was held on the defendant's motion for new trial, at which the defendant and all of his counsel testified, it was found: (1) that the defendant had never been comprehensively advised as to his right to testify; (2) that he had no clear impression as to his right to testify; and (3) that the record at the time of the waiver was silent as to whether the defendant had been advised and as to what he understood.

The supreme court, in reversing the conviction, held for the first time that the right to testify is a fundamental right equivalent to the right to counsel, entering a plea, and the right to a jury trial, and is deserving of procedural safeguards to assure that its waiver is voluntary, knowing, and intentional. It further held that the burden of establishing a valid waiver of the right to testify is on the prosecution and that the evidence with respect to the waiver must be on the record in a manner which makes it reviewable. The supreme court stated, in part:

> A trial court exercising appropriate judicial concern for the constitutional right to testify should seek to assure that waiver is voluntary, knowing and intentional by advising the defendant outside the presence of the jury that he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it *only* as it bears upon his credibility. In connection with the privilege against self-incrimination, the defendant should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right. . . .

. . . .

> By placing the elements of intelligent and competent waiver on the record at the time of trial, the trial court can accurately determine whether waiver was indeed intelligent and competent, and that determination will be readily reviewable on appeal. The alternative not only increases the chance of error, but is wasteful of judicial resources as well.

*People v. Curtis, supra,* at 514, 516 (emphasis added); *see also, People v. Milton,* 864 P.2d 1097 (Colo.1993).

Then, in *People v. Chavez,* 853 P.2d 1149 (Colo.1993) (Chavez II), the supreme court for the first time since *Curtis* addressed the "intolerable dilemma" facing the defendant charged as an habitual criminal. The advisement in *Chavez II* was silent as to the fact that any prior felony convictions could *only* be used to impeach defendant's credibility, and the advisement provided no assurance to the defendant that the prosecution would have to prove any prior felony convictions by satisfactory independent evidence in the habitual offender phase of the proceeding.

The supreme court stated:

> We find that this advisement was both defective under *Curtis* and affirmatively misleading in its content. Chavez was charged not only with the substantive crime of attempted burglary but also of being a habitual criminal. Chavez was not informed that, if he testified, his prior felony convictions could be considered only to impeach his credibility. . . . By its silence, the trial court left the impression that the prior convictions could be used as substantive proof for the habitual criminal phase of the trial. Clearly the inference raised by the trial court's incomplete advisement is wrong. *If Chavez chose to testify, he would be entitled to an instruction explaining to the jury that evidence of his prior felonies was admitted only for the limited purpose of impeaching his credibility. . . . Further, the prosecution at all times had the burden to prove the defendant's prior felonies at the habitual criminal phase of the trial. Since the trial court gave the defendant no explanation of these important, but technical, legal con-*

*cepts, Chavez reasonably could have inferred that the prosecution would be relieved of its burden to prove his prior felonies if he testified and were forced to acknowledge his prior felony convictions. The inadequate advisement denied Chavez of an opportunity to make a voluntary, knowing, and intelligent waiver of his right to testify.*

*People v. Chavez,* 853 P.2d at 1152 (emphasis added).

 In our opinion, *Curtis* clearly requires that the record contain evidence to support a conclusion that the defendant made a voluntary, knowing, and intentional waiver of his right to testify. In those cases in which habitual criminal charges are pending, *Curtis, Chavez I,* and *Chavez II* require that the record affirmatively show that the defendant was advised and understood (1) the limitation on the use of the prior felony convictions to the issue of defendant's credibility with respect to the substantive charges; and (2) that the prosecution has a continuing obligation to prove the prior felony convictions by separate independent evidence with respect to the habitual criminal counts. The latter requirement was not contained in *Curtis* as that case had no habitual criminal counts but, in our view, has been imposed by both *Chavez I* and *Chavez II.*

We are aware that the supreme court granted certiorari in *Chavez II* on the issue of whether *Chavez I* required any advisement in addition to that required by *Curtis.* Certiorari was dismissed as to that question because the parties in *Chavez II* agreed that *Chavez I* imposed no such requirement. *See Chavez II, supra* (fn. 6). We reject that interpretation of *Chavez I.* In our view, the dismissal does not detract from the otherwise clearly enunciated requirements set forth in both *Chavez I* and *Chavez II.*

The presence or absence of the single word "only," though absent here, from the phrase "only to impeach his credibility," is not, in our view, determinative. Its mere presence, without more, is insufficient to assure that the defendant understands the "intolerable dilemma" and the procedural protections that must be accorded to him.

To the extent, if any, that *People v. Windsor,* 876 P.2d 55 (Colo.App.1993); *People v. Boehmer,* 872 P.2d 1320 (Colo.App.1993); and *People v. Turley,* 870 P.2d 498 (Colo. App.1993) differ by not requiring that the defendant be informed of the prosecution's continuing burden of proof in the habitual criminal phase, we decline to follow them.

## II.

Because they will likely arise on retrial, we address defendant's two remaining contentions.

 Defendant maintains that a photo array admitted into evidence violated his due process rights to a fair trial. He asserts that the photo lineup was highly prejudicial because the picture of him was unflattering, showed large and vivid tattoos on his upper body, and was clearly a "mug shot" taken from police files. He argues that the "mug shot" clearly implied that he had been involved in prior criminal activity and was inadmissible because of the prejudicial effect it may have had upon the jury. We find no error in the admission of the photo lineup.

During trial, a photo lineup containing front and profile photographs of six different men was introduced. The photographs had been taped to something akin to a manila folder with twelve window-like openings so the faces in the photographs could be seen. The front and back of the manila folder had not been securely stapled or taped together. Defendant argues that when the exhibit is picked up and held in a certain way the front and the back of the manila folder come apart and the defendant's tattoos together with an identification placard from the Denver Police Department on each of the twelve photographs become visible.

Inasmuch as there is nothing in the record indicating that the jurors actually saw the objectionable material, we perceive no plain error here. Nor do we perceive any error in the fact that the photo is assertedly unflattering. However, on retrial the exhibit should be prepared so that the police identification information cannot be seen. *See People v. Thorpe,* 40 Colo.App. 159, 570 P.2d 1311 (1977) (the prejudicial effect of a "mug

shot" may be cured by covering the identification data on the photograph).

## III.

 Prior to trial, defendant filed a motion to suppress four of the six prior felony convictions, alleging that they were constitutionally infirm. The prosecutor filed a reply alleging that the defendant was time-barred from attacking these convictions pursuant to § 16–5–402, C.R.S. (1986 Repl.Vol. 8A). The court agreed and denied the motion to suppress.

Defendant contends that because the court did not have the benefit of *People v. Wiedemer,* 852 P.2d 424 (Colo.1993) when ruling on his motion to suppress, the case must be remanded for reconsideration in light of the standards set forth in that case. We disagree.

In *People v. Wiedemer, supra,* the supreme court listed a variety of factors that a trial court should consider in determining whether a defendant has established justifiable excuse or excusable neglect for an untimely filing of a post-conviction motion. That holding resulted in remand in a number of cases for resolution of the question of fact as to whether there had been excusable neglect. *See People v. Heitzman,* 852 P.2d 443 (Colo.1993). However, the supreme court has now ruled that a remand is not necessary when the grounds raised by the defendant are meritless as a matter of law. *People v. Mershon,* 874 P.2d 1025 (Colo.1994).

Here, the sole grounds for excusable neglect alleged by the defendant were that he previously lacked a present need to attack the convictions, which was rejected in *People v. Mershon, supra,* and that he was not aware of any time limitations in filing for relief, which was rejected in *People v. Rowe,* 837 P.2d 260 (Colo.App.1992), *rev'd on other grounds, Rowe v. People,* 856 P.2d 486 (Colo. 1993). Hence, we perceive no error in the trial court's ruling as to the untimeliness of defendant's attack on his previous convictions.

The judgment is reversed and the cause is remanded for a new trial.

PLANK and HUME, JJ., concur.