**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

**v.**

**Ruben MUNIZ, Defendant–Appellant.**

No. 94CA0033.

Colorado Court of Appeals,
Div. IV.

May 2, 1996.

Rehearing Denied June 13, 1996.

Certiorari Denied Jan. 13, 1997.

Gale A. Norton, Attorney General, Stephen
K. ErkenBrack, Chief Deputy Attorney Gen-

eral; Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Ruben Muniz, appeals from an order denying his Crim. P. 35(c) motion. We affirm.

In March 1987, upon responding to a report of a hit and run accident, a Denver police officer was directed to defendant, the driver of a white car. The officer followed the car, stopped it, and radioed for additional officers.

Defendant was handcuffed, placed into the car of one of the responding officers, and asked for identification. In response, defendant directed the officer to the front pocket of his pants. The officer removed defendant's wallet, took out his driver's license, and while doing so, a small piece of paper folded into an envelope containing a white powder substance fell out of the wallet. The white powder substance was later identified as cocaine.

Following a jury trial, defendant was convicted of one count of possession of a controlled substance, a class 3 felony, as well as three counts of habitual criminal. Defendant was sentenced to a term of life imprisonment, the sentence to run consecutively to another sentence in a separate convenience store robbery case.

Defendant appealed from the judgments of conviction entered in the convenience store case as well as the present one. In the convenience store case he appealed from a conviction for robbery and related substantive offenses and from his adjudication as an habitual criminal. In the present case, the appeal issues related solely to defendant's conviction as an habitual criminal and to the trial court's imposition of a life sentence to be served consecutively to the ones imposed in the convenience store case. In that appeal, a division of this court affirmed the judgments and sentences in both cases. *People v. Muniz*, (Colo.App. Nos. 88CA1021 and 88CA1104, August 30, 1990) (not selected for official publication).

In January 1993, defendant filed a *pro se* motion pursuant to Crim. P. 35(c), alleging improper advisement of his right to testify, ineffective assistance of counsel, prosecutorial misconduct, illegal search, and excessive sentence. At defendant's request, counsel was appointed.

In July 1993, defendant filed a *pro se* motion to amend alleging newly discovered evidence and supported that motion with the affidavit of an individual stating that she had put the cocaine in his wallet. That same month he filed another amendment to his petition for post-conviction relief pursuant to Crim. P. 35(c) seeking a reduction in sentence.

Following a hearing on defendant's motions, the court issued an order setting forth detailed findings rejecting defendant's arguments concerning the allegedly inadequate advisement, newly discovered evidence, disproportionate sentence, and alleged violation of due process.

## I.

 Defendant first asserts that he was deprived of his constitutional right to testify as the result of an improper advisement concerning such right. Specifically, he contends that the trial court failed to advise him: (1) that the prosecution would be unable to rely upon any statements or admissions he might make concerning prior felony convictions during the substantive phase of the trial as substantive evidence of the convictions in the habitual criminal phase of the trial; (2) that the prosecution would have the burden of proving any prior felony convictions by independent evidence during the habitual criminal phase of the trial; and (3) that an instruction would be provided to the jurors forbidding them from considering evidence

of his prior felony convictions for any purpose other than evidence of his credibility. We reject these arguments.

■ A trial court exercising appropriate judicial concern for the constitutional right to testify should seek to assure that a waiver of such right is voluntary, knowing, and intentional by advising the defendant that if he has been convicted of a felony, the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and if the felony is disclosed to the jury, then the jury can be instructed to consider it only as it bears upon his credibility. *People v. Curtis,* 681 P.2d 504 (Colo.1984).

■ Defendants facing habitual criminal charges are entitled to advance notice that a jury can consider admissions of prior convictions elicited during the substantive phase of the trial only on the issue of credibility and that the prosecution cannot use such admissions to prove the habitual offender charges. *People v. Clouse,* 859 P.2d 228 (Colo.App. 1992). When an habitual offender count is charged, an advisement is sufficient if it informs the defendant that admissions concerning prior convictions may be considered on the issue of credibility and for no other reason. *People v. Turley,* 870 P.2d 498 (Colo. App.1993).

While *Curtis* did not prescribe an exact litany for a trial court to repeat in giving an advisement to a defendant, *People v. Chavez,* 853 P.2d 1149 (Colo.1993), the advisement, nevertheless, must include the elements listed in the *Curtis* holding. *People v. Milton,* 864 P.2d 1097 (Colo.1993).

Here, as defendant concedes, in the substantive phase of the trial, the court provided defendant with a lengthy *Curtis* advisement. As part of that advisement the court stated:

> If you have any prior felony convictions the fact that you have been convicted of a felony may be used against you in this trial as it might bear on your ability or your likelihood of testifying truthfully or untruthful [sic]. It bears on your credibility.

The court then identified the specific convictions to be used and stated:

> So, if you testified those three prior felony convictions could be used against you only as it bears on your credibility.

> The District Attorney could not argue, nor could the jury consider the fact that just because you are convicted of these prior felonies you must be guilty of this particular felony.

The court also asked defendant if he had consulted with counsel, whether he had considered counsel's advice, and whether he understood the court's advisement. To all of these questions defendant replied in the affirmative.

During the habitual criminal phase of the trial, the court advised defendant that he again had the right to testify and to make claims concerning the three habitual counts "just as I advised you yesterday. You, also have the right to remain silent as to counts 2, 3, and 4." The court also asked defendant whether he had talked to counsel about testifying or remaining silent and if he was weighing the factors that the court had told defendant about the previous day, to which defendant replied, "I am not through with the system yet and under the circumstances, it's not in my best interest." The court found that defendant was choosing to remain silent and that he was making a knowing, intelligent, and voluntary waiver.

Initially, we note that the issue of an inadequate *Curtis* advisement was not raised on direct appeal.

The advisement given here includes all of the elements required by *Curtis.* In *People v. Windsor,* 876 P.2d 55 (Colo.App.1993), a division of this court rejected the defendant's assertion that he was entitled to further specific advice that admissions of prior convictions elicited during the substantive phase of the trial could not be used as evidence to prove the habitual offender charges. The court held that if a defendant is advised that admissions of prior convictions introduced in the substantive trial can be used only for

credibility purposes, then no additional advice is required. We choose to follow *People v. Windsor* in disposing of that issue here.

Defendant, however, relies on two later decisions by divisions of this court. The first, *People v. Gray*, 899 P.2d 290 (Colo.App. 1994) (*cert. granted* July 31, 1995), addressed the contention that the court failed to advise defendant that any admission made by him during the substantive phase of the trial with respect to prior felony convictions would be admissible only for purposes of impeachment and that the prosecution would still have the burden of proving the prior felony convictions at the habitual offender phase of the trial. The court in *Gray* agreed with the defendant and concluded that the court's omissions in the advisement constituted reversible error.

The *Gray* court also held that in those cases in which habitual criminal charges are pending, the record must affirmatively show that the defendant was advised and understood (1) that use of the prior felony convictions is limited to the issue of defendant's credibility with respect to the substantive charges and (2) that the prosecution has a continuing obligation to prove the prior felony convictions by separate independent evidence with respect to the habitual criminal counts.

In reversing defendant's conviction, the division in *Gray* declined to follow *People v. Windsor, supra; People v. Boehmer*, 872 P.2d 1320 (Colo.App.1993); and *People v. Turley, supra*.

Defendant also relies on *People v. Deskins*, 904 P.2d 1358 (Colo.App.1995) (*cert. granted* October 30, 1995), in which the trial court failed to advise defendant that his prior convictions were admissible only for the limited purpose of credibility. On this basis, and relying on *People v. Gray, supra*, the division there reversed the conviction and ordered a new trial.

*Deskins* is distinguishable because here the court specifically advised defendant that if he testified "those three prior felony con-

victions could be used against you only as it bears on your credibility." Similarly, such an advisement was not given in *Gray*.

This advisement also distinguishes this case from *People v. Chavez, supra*, upon which *Gray* relies, and in which the defendant was not informed that, if he testified, his prior felony convictions could be considered only to impeach his credibility.

As noted in *People v. Windsor, supra*, the supreme court in *People v. Chavez, supra*, (fn.6) left open the question whether any advisement was required in addition to the *Curtis* requirements in a case involving a defendant charged with being an habitual criminal.

Further, while the prosecution, at the habitual criminal phase of the trial has the burden of proving the defendant's prior convictions by evidence independent of the defendant's testimony, we do not read *People v. Chavez, supra*, or *People v. Chavez*, 621 P.2d 1362 (Colo.1981) as requiring such an advisement to defendant.

Here, the trial court held a hearing on defendant's assertions regarding the allegedly defective *Curtis* advisement, and concluded that the defendant himself knowingly and intelligently waived his right to testify. Based on our review of the record, we conclude that the trial court did not err in denying defendant's motion based on an allegedly inadequate *Curtis* advisement. To the extent that *People v. Gray, supra*, is inconsistent with this opinion, we decline to follow it.

## II.

Defendant also asserts that the trial court erred in failing to advise him of his right to testify in the habitual criminal phase of the trial. We disagree.

Unlike the defendants in *People v. Deskins, supra*, and *People v. Gray, supra*, defendant here was specifically advised that his prior felony convictions could be used against him "only as it bears on your credibility."

Further, in *People v. Romero*, 767 P.2d 782 (Colo.App.1988), upon which defendant relies, the trial court did not further advise defendant of his right to testify prior to the habitual criminal phase of the trial. Here, the record contains a specific advisement on that issue. Further, the court in *Romero* held that it would not assume that defendant, having once been advised, did not know of his continuing right to testify.

We conclude, under the circumstances here, that the trial court's advisement in the habitual criminal phase was adequate.

### III.

◼ Defendant further contends that the trial court erred in denying his motion for new trial based on newly discovered evidence. We disagree.

Crim. P. 35(c)(2)(V) provides as grounds for review of his conviction:

That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice....

◼ To succeed on a motion for new trial based on newly discovered evidence, the defendant must show that the evidence was discovered after the trial; that defendant and his counsel exercised diligence to discover all possible evidence favorable to the defendant prior to and during the trial; that the newly discovered evidence is material to the issues involved, and not merely cumulative or impeaching; and lastly, that the newly discovered evidence is of such character as probably to bring about an acquittal verdict if presented at another trial. *People v. Estep*, 799 P.2d 405 (Colo.App.1990).

Defendant's contention was based upon statements by an acquaintance who stated she did not see defendant between 1987 and 1993, but that in 1993 she learned of the circumstances of his arrest. She testified that defendant's arrest followed a party that she had attended and, as to the cocaine found in defendant's wallet, she stated that she told defendant's uncle, "I was the one that had put that there, and he was unaware of it, and I felt bad about it." She stated that a person had handed the cocaine to her and that, because she was a recovering addict, she disposed of the drugs because they were too much of a temptation for her, detailing that, without defendant's knowledge, she had put the cocaine in his wallet while he was speaking on the telephone.

On cross-examination, she testified that she waited six years to tell the court that it was her cocaine. She also testified on cross-examination that she had talked to defendant's uncle approximately two times per year following the party and did not ask him about defendant until the first part of 1993.

The trial court found it "rather incredible" that the witness would not mention to defendant during the legal proceedings that she had put the drugs in his wallet and that she did not even know that he was in prison until almost six years later. The court found that a contributing factor to the incredibility of the witness' testimony was that she was no longer subject to being prosecuted for her conduct. Because of these circumstances, the court concluded that the new evidence would not be likely to result in an acquittal.

Also, the testimony is further weakened in that the affidavit signed by the witness in July 1993 states that an unidentified individual gave her the cocaine during the party at the residence, not at a bar prior to the party as she testified at the hearing on the motion.

We conclude that in light of all the other evidence, if the new evidence were presented at trial, it is extremely unlikely that a reasonable jury would acquit defendant of the drug charges. *See People v. Estep, supra.* Hence, the trial court properly denied the motion.

### IV.

◼ We also reject defendant's contention that the trial court erred in refusing to re-

duce his sentence based on the disproportionate nature of the life imprisonment term imposed by the trial court.

■ In his initial Crim. P. 35 motion, defendant asserted, *inter alia*, that the sentence imposed in his case far exceeded the needs of society and does not fit within the crime committed. In a subsequent amendment, he questioned whether he should be sentenced under the provisions of § 16–13–101(2), C.R.S. (1995 Cum.Supp.), which provides that a person adjudged an habitual criminal:

> shall be punished for the felony offense of which such person is convicted by imprisonment in a correctional facility for a term of four times the maximum of the presumptive range ... for the class of felony of which such person is convicted.

However, this amendment took effect July 1, 1993, and applies to offenses committed on or after that date. Colo. Sess. Laws 1993, ch. 322 at 1992. Hence, it is inapplicable here.

Defendant was sentenced to a life term consecutive to the conviction involving the convenience store. Under that sentence, he is not eligible for parole for a period of 80 years. Had he been sentenced under the 1993 amendment in the present case, he would have received a sentence of 48 years rather than a term of life imprisonment.

The court held an abbreviated proportionality review at the hearing on defendant's motion. It found that, except for the present offense, defendant's prior felonies constituted serious felonies, most, if not all, constituting rather violent crimes of one nature or another. Further, the court noted that defendant was eligible for parole under his sentence in this case and that the combination of crimes for which he received a life sentence is not so lacking in gravity or seriousness that it renders his sentence disproportionate.

Defendant has previously been convicted of first degree assault, aggravated robbery, and criminal attempt to commit aggravated rob-

bery. While testimony was presented that the present offense involved the possession of less than a quarter gram of cocaine, having a street value of approximately $25, it nevertheless is a class 3 felony. Consequently, defendant's situation is unlike that of the defendant in *People v. Penrod,* 892 P.2d 383 (Colo.App.1994), in which defendant was convicted of a bail bond violation, a class 6 felony.

We perceive no error in the proportionality review of the sentence and conclude that the trial court properly denied defendant's request to reduce his sentence.

The order is affirmed.

BRIGGS and KAPELKE, JJ., concur.