The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
November 15, 2018

## 2018COA159

**No. 16CA1105 People v. Jacobs — Crimes — Uniform
Controlled Substances Act of 2013 — Unlawful Distribution,
Manufacturing, Dispensing, or Sale; Criminal Law — Sentencing
— Punishment for Habitual Criminals**

A division of the court of appeals interprets section

18-18-405(2)(a), C.R.S. 2012, to mean that a trial court may only

increase the level of a class 3 distribution of a schedule II controlled

substance felony based on an equal or more severe felony.  Based

on this conclusion, the division determines that the trial court erred

when it relied on defendant's prior conviction to enhance his class 3

distribution felony to a class 2 felony.  As a result, the division

reverses this part of defendant's sentence, and it remands the case

to the trial court for resentencing.

The division also concludes that (1) the trial court properly

adjudicated defendant to be a habitual criminal; and, (2) in light of

the conviction for distribution, defendant's conviction for conspiracy to distribute the same quantum of the schedule II controlled substance violated the Double Jeopardy Clause.

COLORADO COURT OF APPEALS                    **2018COA159**

Court of Appeals No. 16CA1105
Arapahoe County District Court No. 12CR1535
Honorable Michelle A. Amico, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Wayne Larue Jacobs,

Defendant-Appellant.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND VACATED IN
PART, SENTENCE REVERSED IN PART AND VACATED
IN PART, AND CASE REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE BERNARD
Hawthorne and Tow, JJ., concur

Announced November 15, 2018

Cynthia H. Coffman, Attorney General, Megan C. Rasband, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Katherine Brien, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    A jury convicted defendant, Wayne Larue Jacobs, of distribution and conspiracy to distribute a schedule II controlled substance.  The trial court then found that the prosecution had proved five habitual criminal counts and sentenced defendant accordingly.  He appeals.  We affirm the judgment in part, reverse it in part, and vacate it in part; we reverse the sentence in part and vacate it in part; and we remand the case for resentencing.

I.    Background

¶ 2    In 2016, a jury convicted defendant of (1) distributing a controlled substance, namely less than one gram of crack cocaine; and (2) conspiring to sell or to distribute the same crack cocaine.  The trial court subsequently found that defendant had been convicted in 2007 of distributing a controlled substance.  Based on this finding, it enhanced the first conviction — distribution of a controlled substance — from a class 3 felony to a class 2 felony.  The court also found that defendant was a habitual criminal.

¶ 3    The court then sentenced defendant to twenty-four years in prison for the distribution count.  Applying the habitual criminal finding, the court increased the sentence on this count to ninety-six years in prison.

1

¶ 4     Turning to the conspiracy count, the court sentenced defendant to twelve years in prison for that class 3 felony. Again applying the habitual criminal finding, the court increased the sentence on this count to forty-eight years in prison, to be served concurrently with the sentence on the distribution count.

## II.     Analysis

¶ 5     Defendant raises three contentions:

1. The 2007 conviction did not fit the statutory definition of a conviction that the trial court could use to enhance the distribution count from a class 3 felony to a class 2 felony.

2. One of the habitual criminal counts, which was based on the 2007 conviction, suffered from the same statutory defect.

3. The Double Jeopardy Clause required the convictions for distribution and conspiracy to merge.

### A.  Preservation

¶ 6     Defendant did not raise the first issue in the trial court. But he nonetheless submits that we should treat the issue as a sufficiency-of-the-evidence claim, and he then asserts that we

2

should review it de novo. The prosecution counters that we should use the plain error standard of review because defendant did not object to his sentence during the sentencing hearing.

¶ 7        We agree that this issue is unpreserved. But defendant contends that the trial court committed an error — improperly enhancing the distribution count to a class 2 felony — that ineluctably led to an excessive sentence. So, if we conclude that the court committed such an error, "[t]here [will be] no need to decide whether the error [wa]s obvious or substantial; whether the trial's fundamental fairness was undermined; or whether the undermining was so significant that we doubt the conviction's reliability. We [will] simply impose the remedy." *People v. Tillery*, 231 P.3d 36, 54-55 (Colo. App. 2009)(Bernard, J., specially concurring)(reasoning that "once an appellate court concludes that [an] unpreserved [sentencing] error[] . . . has occurred, the remedy is automatic"), *aff'd sub nom. People v. Simon*, 266 P.3d 1099 (Colo. 2011).

¶ 8        And, even if we were to review for plain error, we would still reverse defendant's sentence if the error meant that he would spend more time in prison than the law required. *See Rosales-Mireles v. United States*, ___ U.S. ___, ___, 138 S. Ct. 1897, 1908-09 (2018)(As

3

a result of a sentencing error, "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain . . . error because of the role the . . . court plays in calculating the range and the relative ease of correcting the error.").

## B. The 2007 Conviction

¶ 9    The potential difference in the maximum sentences at stake in this case between a class 2 felony and class 3 felony is marked: twelve years. The maximum presumptive sentence for a class 2 felony at the time of defendant's crime was twenty-four years. § 18-1.3-401(1)(a)(V), C.R.S. 2012. The maximum presumptive sentence for a class 3 felony was twelve years. *Id.* And this was just the starting point for increased habitual criminal sentences, such as the ones in this case. § 18-1.3-801(2)(a), C.R.S. 2012.

¶ 10    The difference between the sentence the trial court gave defendant and the one defendant asserts he should have received is even starker once a habitual criminal finding is introduced into the mix. A twenty-four-year sentence for a class 2 felony becomes ninety-six years. § 18-1.3-801(2)(a). A twelve-year sentence for a

4

class 3 felony becomes forty-eight years.  *Id.*  The difference between the two is therefore forty-eight years.

¶ 11    But, defendant points out, there was a problem with the 2007 conviction.  In that case, defendant was originally charged with a class 3 felony.  As part of a plea disposition, he pled guilty to attempt to possess a controlled substance, which was a class *4* felony.  The prosecution dismissed the class 3 felony as part of the plea disposition.

¶ 12    The mittimus and the amended mittimus in the 2007 case contain a mistake.  They state that defendant pled guilty to the original class 3 felony charge.  But documents in the record from the 2007 case clearly show that defendant pled guilty to a class 4 felony.

- A minute order noted the plea disposition; it referred to an added count that was a class 4 felony; and it acknowledged that the prosecution would dismiss the original counts.

- The plea disposition paperwork stated that the charge to which defendant pled guilty was a class 4 felony.

- An order dismissed the original counts.

5

¶ 13    So the trial court's determination that the 2007 conviction was a class 3 felony was a mistake.  But what was the effect of that mistake on defendant's sentence?

¶ 14    When sentencing defendant on the distribution count, the trial court relied on section 18-18-405(2)(a)(I), C.R.S. 2012.  This statute stated that distribution of a schedule I or II controlled substance — crack cocaine was listed in schedule II — was ordinarily a class 3 felony.  § 18-18-405(2)(a)(I)(A).  But it would become a class 2 felony "if the violation [wa]s committed subsequent to a prior conviction in this or any other state, the United States, or any territory subject to the jurisdiction of the United States of a violation to which this subparagraph (I) applies or would apply if convicted in this state." § 18-18-405(2)(a)(I)(B).

¶ 15    What kind of prior conviction is "a violation to which . . . subparagraph (I) applies"?  *Id.*  Our road to answering this question is paved by our examination of the statute's language.  *People v. Vecellio*, 2012 COA 40, ¶ 14.  We read the statute's words and phrases in context and we construe them according to their common usage.  *Id.*  We must read the language in question "in the context of the statute as a whole," and we "should give consistent,

6

harmonious, and sensible effect to all parts of the statutory scheme." *People v. Loris*, 2018 COA 101, ¶ 35.

¶ 16    The statute's plain language leads us to this answer: a court can only enhance a class 3 felony to a class 2 felony if the prior conviction was either a class 3 felony or a class 2 felony. Why do we think so?

¶ 17    First, subparagraph (I) of section 18-18-405(2)(a) only refers to class 3 and to class 2 felonies. It does not refer to other felonies, such as class 4 felonies. And "[w]e do not add words to the statute or subtract words from it." *Turbyne v. People*, 151 P.3d 563, 567 (Colo. 2007).

¶ 18    Second, looking to the structure of the statute, we see that it has a series of subparagraphs after subparagraph (I). *These* subparagraphs refer to lower class felonies. For example, section 18-18-405(2)(a)(II)(A) states that, in a case involving a schedule III controlled substance, the conviction would normally be a class 4 felony. But a trial court would enhance the conviction to a class 3 felony if the defendant had a prior conviction that was a violation of subparagraph (I) — a class 2 felony or a class 3 felony — or a

7

conviction which was a violation of subparagraph (II) — a class 4 felony. § 18-18-405(2)(a)(II)(B).

¶ 19 Continuing our reading of section 18-18-405(2)(a), we see that, if a defendant is convicted of a class 5 felony involving a schedule IV controlled substance, and he has a prior conviction for a class 2 felony, a class 3 felony, a class 4 felony, or a class 5 felony, the court shall enhance his conviction to a class 4 felony and sentence him accordingly. § 18-18-405(2)(a)(III)(B). And, if a defendant is convicted of a class 1 misdemeanor involving a schedule V controlled substance, and he has a prior conviction for a class 2 felony, a class 3 felony, a class 4 felony, a class 5 felony, or a class 1 misdemeanor, the court shall enhance his conviction to a class 5 felony and sentence him accordingly. § 18-18-405(2)(a)(IV)(B).

¶ 20 We therefore conclude that, under the plain language of subparagraph (I) and the structure of section 18-18-405(2)(a), the trial court erred when it used the 2007 conviction, a class 4 felony, to enhance defendant's distribution class 3 felony conviction in this case to a class 2 felony. As a result, the trial court shall, on remand, vacate the class 2 felony distribution conviction and reinstate the class 3 felony distribution conviction.

¶ 21    In reaching this conclusion, we necessarily reject the prosecution's assertion that, by pleading guilty to attempting to distribute a controlled substance in 2007, defendant implicated himself in the distribution of that substance.  As a result, this assertion continues, an attempt to commit an offense involving a schedule II controlled substance qualifies as a prior conviction for the purposes of subparagraph (I).

¶ 22    This assertion ignores the plain language of the statute. Subparagraph (I) and section 18-18-405(2)(a), are driven by two things: the class of the felony *and* the schedule of controlled substance.  As we have shown above, in order to enhance a conviction for a class 3 felony involving a schedule II controlled substance to a class 2 felony, the prior conviction must be a class 2 felony or a class 3 felony involving a schedule II controlled substance.  And defendant pled guilty to a class *4* felony involving a schedule II controlled substance in 2007.  In other words, the 2007 conviction only satisfied one of the two statutory prerequisites for enhancing a class 3 felony to a class 2 felony.

¶ 23    We also disagree with the prosecution that section 18-18-405(2)(a), allows a court to enhance a conviction by two

felony steps rather than by one.  For example, there is no suggestion anywhere in that statute that a court can enhance a class 4 felony to a class 2 felony, or a class 5 felony to a class 3 felony.  Again, the statute's plain language makes clear that enhancements involve only one step up the felony ladder.

## C.  Habitual Criminal Count

¶ 24    Defendant contends that we should vacate one of the habitual criminal counts because it involved the 2007 conviction.  As we have shown, the 2007 conviction involved a class 4 felony, not a class 3 felony.  But we conclude that any error involving the 2007 conviction was harmless because vacating one of defendant's five habitual criminal counts would have no effect on his sentence.

¶ 25    To be adjudicated a habitual criminal under section 18-1.3-801(2), a defendant must have had three prior felony convictions based on charges separately brought and tried, arising out of separate criminal episodes.  The trial court found that defendant had five qualifying prior felony convictions, and defendant does not challenge the trial court's findings concerning the other four convictions.  So, even if we were to vacate one of the five, defendant's sentence would remain unchanged.  *People v.*

10

*Boehmer*, 872 P.2d 1320, 1324 (Colo. App. 1993)(concluding that, if the defendant challenged one of four prior felony convictions, and only three were required for the court to find that the defendant was a habitual criminal, then the division did not need to engage in any further analysis because any error was harmless).

### D.  Double Jeopardy

¶ 26    Defendant finally contends that his convictions and sentences on both the distribution and conspiracy counts based on the same quantum of drugs violated the Double Jeopardy Clause.  The prosecution concedes this contention, noting that, even under plain error review, the trial court obviously and substantially violated the defendant's right to avoid double jeopardy.  We accept this concession because we agree with it.  *See People v. Abiodun*, 111 P.3d 462, 466-68 (Colo. 2005)("[T]he scope and structure of [section 18-18-405(1)(a), C.R.S. 2018] . . ., combined with sentencing provisions differentiating punishments on the basis of the quantum of drugs (rather than the act) involved, strongly points to the creation of a single crime . . . .  [T]he statute strongly suggests an intent to 'criminalize successive stages of a single undertaking,' 'encompass[ing] every act and activity which could lead to the

proliferation of drug traffic.' . . . . [T]he acts enumerated in section [18-18-405(1)(a) therefore] all represent stages in the commission of one crime.")(citations omitted). We therefore reverse defendant's conspiracy conviction and sentence, and we instruct the trial court on remand to vacate that conviction and sentence.

III. Conclusion

¶ 27 We reverse (1) the enhancement of defendant's class 3 felony distribution conviction to a class 2 felony; (2) the prison sentence of twenty-four years for that conviction, which was increased to ninety-six years based on the trial court's finding that defendant was a habitual criminal; and (3) the conviction and sentence for conspiracy to distribute a schedule II controlled substance.

¶ 28 We remand this case to the trial court to (1) vacate the class 2 felony distribution conviction; (2) reinstate the class 3 felony distribution conviction; (3) resentence defendant to forty-eight years in prison on the class 3 felony distribution conviction based on the court's finding that defendant was a habitual criminal, *see* § 18-1.3-801(2)(a) (If a defendant has three prior felony convictions "arising out of separate and distinct criminal episodes," the court *shall* sentence him or her to "four times the maximum of the

12

presumptive range . . . for the class or level of felony of which such person is convicted."); and (4) vacate defendant's conviction and sentence for conspiracy.

JUDGE HAWTHORNE and JUDGE TOW concur.